FILED

2004 NOV 19 P 1: 04

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAP, INC. | : CASE NO. 303CV350(MRK) |
| | : |
| VS. | : |
| | : |
| RITZ REALTY CORP. and | : |
| AVALONBAY COMMUNITIES, INC. | : NOVEMBER 17, 2004 |

### ANSWER OF DEFENDANT AVALONBAY COMMUNITIES, INC. TO AMENDED COMPLAINT

Defendant, AvalonBay Communities, Inc. ("AvalonBay"), hereby answers plaintiff's Amended Complaint dated November 2, 2004.

**FIRST DEFENSE**

1. As to Paragraph 1, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. As to Paragraph 4, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

5. As to Paragraph 5, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

41550165_1.DOC

6.  As to Paragraph 6, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

7.  Paragraph 7 is admitted.

8.  As to Paragraph 8, AvalonBay admits that the improvements located at Riverview Plaza include an office building, a retail building and a building operated as an off-track betting facility. As to the remainder of Paragraph 8, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

9.  As to Paragraph 9, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

10. As to Paragraph 10, AvalonBay admits that retail space on the property formerly occupied by a Pathmark grocery store is currently vacant. As to the remainder of Paragraph 10, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

11. As to Paragraph 11, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

12. As to Paragraph 12, AvalonBay admits that an off-track betting parlor is operated in a portion of Riverview Plaza. As to the remainder of Paragraph 12, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

13. As to Paragraph 13, AvalonBay admits that a surface parking lot is located on the portion of the property abutting Belden Avenue and Cross Street. As to the remainder of

Paragraph 13, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

14. As to Paragraph 14, AvalonBay admits that the surface parking lot has entrances and exits on Cross Street and Belden Avenue. As to the remainder of Paragraph 14, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

15. As to Paragraph 15, AvalonBay admits that an underground parking garage is located on the property. As to the remainder of Paragraph 15, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

16. As to Paragraph 16, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

17. As to Paragraph 17, AvalonBay admits that access to the underground parking garage is from Burnell Boulevard. As to the remainder of Paragraph 17, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

18. As to Paragraph 18, AvalonBay admits that on or about April 17, 1997, ADAP and Ritz entered into a written lease ("Lease") pursuant to which ADAP leased a portion of Riverview Plaza consisting of approximately 5,680 square feet (the "Leased Premises"). As to the remainder of Paragraph 18, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

19. As to Paragraph 19, AvalonBay admits that ADAP operates an AutoZone retail store on the Leased Premises. As to the remainder of Paragraph 19, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

20. As to Paragraph 20, AvalonBay admits that the Leased Premises is located in the southwest portion of Riverview Plaza in a corner of the building. As to the remainder of Paragraph 20, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

21. As to Paragraph 21, AvalonBay admits that the AutoZone store has an address of 24 Belden Avenue and that the AutoZone store is adjacent to a portion of the sidewalk located between Riverview Plaza and Belden Avenue and a portion of the sidewalk located between the surface parking lot and the building in which the store is located. As to the remainder of Paragraph 21, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

22. As to Paragraph 22, AvalonBay admits that AutoZone has signage on two exterior walls of its store. As to the remainder of Paragraph 22, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

23. As to Paragraph 23, AvalonBay admits that off-street parking is available for the Leased Premises in the surface parking lot and denies that off-street parking is available in the entrance driveway which is not an authorized parking area. As to the remainder of Paragraph 23,

AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

24. As to Paragraph 24, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

25. As to Paragraph 25, the Lease speaks for itself and no response is necessary.

26. As to Paragraph 26, the Lease speaks for itself and no response is necessary.

27. As to Paragraph 27, the Lease speaks for itself and no response is necessary.

28. As to Paragraph 28, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

29. Paragraph 29 is admitted.

30. As to Paragraph 30, AvalonBay admits that it has entered a contract with Ritz for the purchase of a portion of Riverview Plaza including a portion of the surface parking lot and the portion of the property formerly occupied by the Pathmark grocery store. As to the remainder of Paragraph 30, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

31. As to Paragraph 31, AvalonBay admits that, in late 2002, it submitted a site plan application to the Norwalk Zoning Commission.

32. As to Paragraph 32, AvalonBay admits that the proposed development will include the construction of two multi-story buildings, one over a portion of the surface parking lot located on the portion of the property abutting Belden Avenue and Cross Street, and the other over the area formerly occupied by the Pathmark grocery store.

33. As to Paragraph 33, AvalonBay admits that the proposed development will include the construction of 312 residential units, approximately 1,500 square feet of retail space, underground parking and surface parking under the new buildings. The remainder of Paragraph 33 is denied.

34. As to Paragraph 34, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

35. As to Paragraph 35, AvalonBay admits that certain construction activities will take place in portions of the surface parking lot. Avalon denies that the existing surface parking lot will be "closed" to customers, employees, and invitees of AutoZone. As to the remainder of Paragraph 35, AvalonBay lacks sufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

36. As to Paragraph 36, AvalonBay lacks sufficient information as to the meaning of the allegation that there will be "significant business interruption and disruption" and therefore leaves the plaintiff to its proof.

37. As to paragraph 37, AvalonBay lacks sufficient information as to the meaning of the allegation that there will be "significant reduction in accessibility, visibility and parking" and therefore leaves the plaintiff to its proof.

38. Paragraph 38 is admitted.

39. As to Paragraph 39, AvalonBay states that it has insufficient knowledge and information upon which to form a belief and, therefore, leaves the plaintiff to its proof.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied.

42. Paragraph 42 is denied.

### First Count (Anticipatory Breach of Contract)

43. To the extent that the allegations of Paragraph 43 are directed to AvalonBay, they are denied.

### Second Count (Breach of Contract)

44. To the extent that the allegations of Paragraph 44 are directed to AvalonBay, they are denied.

### Third Count (Breach of the Covenant of Good Faith and Fair Dealing)

The Third Count is not directed to AvalonBay and therefore no response is necessary.

### SECOND DEFENSE

The Complaint fails to state a claim against AvalonBay upon which relief can be granted.

### THIRD DEFENSE

Insofar as the Complaint purports to state a claim against AvalonBay upon which equitable relief can be granted, said claim is barred by the doctrine of unclean hands.

**FOURTH DEFENSE**

Insofar as the Complaint purports to state a claim against AvalonBay upon which equitable relief can be granted in connection with the provision of parking at Riverview Plaza for plaintiff's use, said claim is barred because the Lease sets forth exclusive remedies available to plaintiff.

**FIFTH DEFENSE**

Insofar as the Complaint purports to state a claim against AvalonBay upon which equitable relief can be granted, said claim is barred because plaintiff participated in the public hearing before the Norwalk Zoning Commission but did not seek to appeal from the action of the Commission.

DEFENDANT,
AVALONBAY COMMUNITIES, INC.

By _____
Joseph L. Hammer (ct00446)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
Tel: (860) 275-0100
Fax: (860) 275-0343
E-mail: jlhammer@dbh.com

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent this 17th day of November, 2004, via first class mail, postage prepaid to:

Bruce L. Elstein, Esq.
Elstein & Elstein
1087 Broad Street
Bridgeport, CT 06604-4294
Phone: (203) 367-4421
Fax:    (203) 366-8615


Andrew L. Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103-3101
Phone: (860) 493-3468
Fax:    (860) 724-3921

_____
Joseph L. Hammer