FILED

2004 NOV 17 P 1: 49

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAP, INC.<br>Plaintiff, | : | CASE NO. 3:03cv350 (MRK) |
| V. | : | |
| RITZ REALTY CORP. AND<br>AVALONBAY COMMUNITIES, INC.<br>Defendants. | : | NOVEMBER 15, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT RITZ REALTY CORP. TO PLAINTIFF'S AMENDED COMPLAINT

Defendant Ritz Realty Corp. ("Ritz") hereby answers the Amended Complaint of Plaintiff ADAP, Inc., d/b/a AutoZone, as follows.

1.  Ritz lacks sufficient information upon which to form a belief as to the allegations of this paragraph and leaves Plaintiff to its proof.

2-3.  Admitted.

4-6.  Denied.

7-13.  Admitted.

14.  As to Paragraph 14, Ritz admits that access to the retail buildings and the open parking lot is from entrances and exits on Cross Street and Belden Avenue, but denies that these are the exclusive access points.

15-16. Admitted.

17.     As to Paragraph 17, Ritz admits that access to the underground parking garage is from Burnell Boulevard, but denies that this is the exclusive access point.

18-21. Admitted.

22.     As to Paragraph 22, Ritz admits that AutoZone has a sign on its store but lacks sufficient information upon which to form a belief as to the meaning of the allegations concerning size and visibility and leaves Plaintiff to its proofs.

23.     As to Paragraph 23, Ritz denies that off street parking for the Leased Premises is located in "the entrance driveway immediately adjacent to the Leased Premises," inasmuch as the driveway is not an authorized parking area; but Defendant admits that off street parking for the Leased Premises (and other tenants) is available.

24.     As to Paragraph 24, Ritz lacks sufficient information upon which to form a belief and leaves the Plaintiff to its proofs.

25.     As to Paragraph 25, Ritz admits that it has a lease with ADAP, but the lease document speaks for itself.

26.     As to Paragraph 26, Ritz admits that it has a lease with ADAP, but the lease document speaks for itself; Defendant Ritz denies that Plaintiff's selective quotations from the lease document accurately set forth all of the terms and conditions of the lease.

- 2 -

27. As to Paragraph 27, Ritz admits that it has a lease with ADAP, but the lease document speaks for itself; Defendant denies that Plaintiff's selective quotations from the lease document accurately set forth all of the terms and conditions of the lease.

28. As to Paragraph 28, Ritz lacks sufficient information upon which to form a belief as to the allegations of this paragraph and leaves Plaintiff to its proofs.

29-33. Admitted.

34. The allegations of Paragraph 34 are directed at the co-defendant, AvalonBay, and are not directed at Ritz.

35. As to paragraph 35, Ritz admits that certain construction activities will take place in portions of the surface parking lot. Ritz denies that the existing surface parking lot will be "closed" to customers, employees, and invitees of AutoZone.

36-37. Denied.

38. Admitted.

39. Ritz admits that Plaintiff has objected to the Proposed Development, but Defendant denies the characterization of the objections as have been made "consistently."

40. a-k. Each and every allegation of this Paragraph is denied.

41. Denied.

42. Denied.

- 3 -

## FIRST COUNT (ANTICIPATORY BREACH OF CONTRACT)

43. To the extent the allegations of this Paragraph are directed at Ritz they are denied.

## SECOND COUNT (BREACH OF CONTRACT)

44. To the extent the allegations of this Paragraph are directed at Ritz they are denied.

## THIRD COUNT (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

45. Denied.

## AFFIRMATIVE DEFENSES OF DEFENDANT RITZ REALTY CORP.

### First Affirmative Defense As To Counts 1-3.

The Complaint fails to state a claim against Ritz upon which relief may be granted.

### Second Affirmative Defense As To Counts 1-3.

ADAP is in breach of its obligations to Ritz under the Lease, and Ritz is relieved of its reciprocal obligations to ADAP. Accordingly, ADAP may not enforce the Lease against Ritz so as to constrain or bar Ritz from consummating the Ritz-Avalon Agreement.

### Third Affirmative Defense (As To Counts 1-3).

ADAP has remedies available to it under the Lease so that specific performance and other equitable remedies are unavailable to it.

- 4 -

**Fourth Affirmative Defense (As To Counts 1-3).**

ADAP participated in a hearing before the Norwalk Zoning Commission but did not seek to appeal from the action of the Commission, so that this Court should deny ADAP the equitable relief it seeks.

**Fifth Affirmative Defense (As To Counts 1-3).**

ADAP may not obtain equitable relief against Ritz, as it comes before the Court with unclean hands.

DEFENDANT RITZ REALTY CORP.

Andrew Houlding, Esq.
Federal Bar No.: ct12137
Rome McGuigan, P.C.
One State Street, 13th Floor
Hartford, CT 06103
Tel: (860) 549-1000
Fax: (860) 724-3921
ahoulding@rms-law.com
Their Attorneys

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on this 15th day of November, 2004 to the following counsel of record:

Bruce L. Elstein, Esq.
Elstein & Elstein, P.C.
1087 Broad Street, Suite 400
Bridgeport, CT 06604-4260

Joseph L. Hammer, Esq.
Day, Berry & Howard, LLP
185 Asylum Avenue
Hartford, CT 06103-3499

                                                     Andrew Houlding, Esq.

9202-4/388599

- 6 -