UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAP, INC. | : | CASE NO. 303CV350(AWT) |
| VS. | : | |
| RITZ REALTY CORP., | : | |
| AVALONBAY COMMUNITIES, INC. | : | MAY 28, 2003 |

RULE 26(F) REPORT OF PARTIES PLANNING MEETING

| | |
|---|---|
| DATE COMPLAINT FILED | February 26, 2003 |
| DATE OF PLAINTIFF'S APPEARANCE | February 26, 2003 |
| DATE OF DEFENDANT, RITZ REALTY CORP.'S, APPEARANCE | March 17, 2003 |
| DATE OF DEFENDANT, AVALONBAY COMMUNITIES, INC.'S APPEARANCE | March 20, 2003 |

Pursuant to Fed. R. Civ. Pro. 16(b), 26(f), and D. Conn. L. Civ. R. 38, a telephone conference was held on May 1, 2003. The participants were Bruce L. Elstein for the plaintiff, Andrew L. Houlding, for Ritz Realty Corp., defendant, and Joseph L. Hammer for AvalonBay Communities, Inc., defendant.

1

IV. <u>CERTIFICATION</u>

    A. Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

V. <u>JURISDICTION</u>

    A. **Subject Matter Jurisdiction**

    Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 by reason of diversity of citizenship and the monetary value of the claim underlying this controversy. Defendants reserve their right to contest jurisdiction.

    B. **Personal Jurisdiction**

    The parties agree that this Court has personal jurisdiction over the defendants.

VI. **BRIEF DESCRIPTION OF CASE**

    A. **Claims of Plaintiff**

    Plaintiff brings claims of breaches of its lease to the subject property, breach of the covenant of good faith and fair dealing and tortious interference with its contract.

    B. **Defenses and Claims of Defendants**

    Defendants Ritz Realty Corp. ("Ritz") and AvalonBay Communities, Inc. ("Avalon") deny that there has been any breach of the Lease, any breach of the covenant of good faith and fair dealing or any tortious interference with contract. Defendants also defend on the grounds that Plaintiff is in breach of its obligations under the lease so that Ritz is relieved of any reciprocal obligations to Plaintiff; Ritz has not repudiated the lease so that Plaintiff fails to state a claim for anticipatory breach; Plaintiff's claims of breach of contract and breach of covenant of good faith and fair dealing are premature; and Plaintiff should be denied equitable relief because it has failed to pursue legal remedies available under the lease and it comes before the Court with unclean hands. Ritz counterclaims that Plaintiff has unreasonably withheld its consent to the proposed development; has breached its lease by using the parking facilities for the diagnosis and repair of motor vehicles; and has interfered with Ritz's contractual expectancies.

    C.    Defenses and Claims of Third Party Defendants

There are no third party defendants at this time.

VII. **STATEMENT OF UNDISPUTED FACTS**

    A.    The plaintiff, ADAP, INC. ("ADAP"), is a New Jersey corporation with a principal place of business located in Memphis, Tennessee.

    B.    The defendant, Ritz Realty Corp. ("Ritz"), is a Connecticut corporation with a principal place of business located in Norwalk, Connecticut.

    C.    The defendant, AvalonBay Communities, Inc. ("AvalonBay"), is a Maryland corporation with a principal place of business located in Alexandria, Virginia.

    D.    Ritz is the owner of that certain piece or parcel of real property known as "Riverview Plaza" located at 24 Belden Avenue, Norwalk, Connecticut.

    E.    Improvements located on the property include a shopping center, an office tower, a surface parking lot, and an underground parking garage.

    F.    Said surface parking lot is located on the portion of the property abutting Belden Avenue and Cross Street.

    G.    The surface parking lot has entrances and exits on Cross Street and Belden Avenue.

H.  Access to the underground parking garage is from Burnell Boulevard.

AutoZone Lease

I.  On or about April 17, 1997, ADAP and Ritz entered into a written lease ("Lease") pursuant to which ADAP leased a portion of Riverview Plaza consisting of approximately Five Thousand Six Hundred Eighty (5,680) Square Feet (the "Leased Premises").

J.  ADAP operates an AutoZone retail store on the Leased Premises.

K.  The Leased Premises is located in the southwest portion of Riverview Plaza.

L.  The AutoZone store has an address of 24 Belden Avenue.

AvalonBay's Proposed Development

M.  Ritz has entered into contract for the sale of a portion of Riverview Plaza to AvalonBay.

N.  In late 2002, AvalonBay submitted a site plan application to the Norwalk Zoning Commission ("Proposed Development"). ]

O.  The Proposed Development will include the construction of 312 residential units, approximately 1,500 square feet of retail space, and underground parking.

P.  The Norwalk Zoning Commission held a public hearing on February 26, 2003 to consider the application of AvalonBay.

    Q.    ADAP opposed the AvalonBay zoning application at the public hearing.

    R.    The Norwalk Zoning Commission approved the AvalonBay application.

    S.    ADAP did not appeal to the Superior Court from the Zoning Commission approval.

## IV. CASE MANAGEMENT PLAN

### A. Standing Order on Scheduling in Civil Cases

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    See subparts D, E and F, below.

### B. Scheduling Conference with the Court

The parties do not request a pre-trial conference with the Court before entry of a Scheduling Order pursuant to Fed. R. Civ. Pro. 16(b).

### C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.

2. The defendants have requested a referral to a Judge Magistrate for an early settlement conference which the Court (Thompson J.) granted.

    3.    A settlement conference has been scheduled with Magistrate Martinez for June 12, 2003.

    4.    The parties do not, at this time, request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D.    Joinder of Parties and Amendment of Pleadings

    1.    Plaintiffs should be allowed until June 2, 2003 to file motions to join additional parties and/or to amend the pleadings.

    2.    The defendants should be allowed until July 2, 2003 to file motions to join additional parties and /or to respond to the complaint.

E.    Discovery

    1.    The parties reserve their right to object to any discovery propounded on any of the below-referenced topics and request the right to seek discovery on other topics as may be necessary or appropriate.

    2.    The parties may commence discovery immediately, and all discovery, including deposition of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), shall be completed (not propounded) by October 30, 2003.

    3.    Discovery will not be conducted in phases.

4. Pursuant to Fed. R. Civ. Pro 26(a), the parties have agreed to provide an initial disclosure by June 5, 2003.

5. At this time, the parties anticipate discovery on the following issues.

    a. Relationship between Ritz Realty Corp. and AvalonBay Communities, Inc.;

    b. Proposed development by AvalonBay Communities, Inc. and the effect it will have upon the premises leased by AutoZone;

    c. ADAP's site selection, leasing, and operations practices and procedures in connection with AutoZone stores;

    d. ADAP's AutoZone operations at the subject Norwalk location;

    e. ADAP's leases and operations at other AutoZone locations;

    f. ADAP's actions and communications related to the proposed AvalonBay development;

    g. ADAP's selection of the Norwalk store location and the negotiation of the Lease of said location;

    h. Sales, income, and profitability data regarding the Norwalk AutoZone store and other stores;

     i.    Plaintiff's acquisition of the Norwalk store;

     j.    Claimed breaches of lease by the plaintiff;

     k.    Claimed breaches by the defendant, Ritz Realty Corp.; and

     l.    Damages.

6. The parties anticipate that the plaintiff will require a total of not more than ten depositions of fact witnesses and that the defendants may require more than ten depositions of fact witnesses. Depositions may commence immediately and will be completed by October 30, 2003;

7. The parties do not request permission to serve more than twenty-five interrogatories;

8. Plaintiff intends to call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by July 30, 2003. Depositions of any such experts will be completed by August 31, 2003;

9. Defendants intend to call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by September 30, 2003.

        Depositions of any such experts will be completed by October 30, 2003; and

10. A damage analysis will be provided by any party who has a claim for damages by July 31, 2003.

F. **Dispositive Motions**

Dispositive Motions will be filed on or before December 1, 2003.

G. **Joint Trial Memorandum:** The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by December 30, 2003, unless there is a pending Motion for Summary Judgment, in which case it will be due thirty (30) days after an order is entered with respect to such pending Motion for Summary Judgment.

V. <u>TRIAL READINESS</u>

A. The case will be ready for trial on or after January 15, 2004.

B. As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF,  
ADAP, INC.

By: _____  
Bruce L. Elstein, Esq.  
Elstein and Elstein, P.C.  
1087 Broad Street  
Bridgeport, CT 06604  
Telephone # (203) 367-4421  
Federal Bar No. CT01250

DEFENDANT,  
RITZ REALTY CORP.

By: _____  
Andrew L. Houlding, Esq.  
Rome McGuigan Sabanosh, P.C.  
One State Street  
Hartford, CT 06103  
Telephone # (860) 493-3468  
Federal Bar No. CT12137

DEFENDANT,  
AVALONBAY COMMUNITIES, INC.

By: _____  
Joseph L. Hammer, Esq.  
Day, Berry & Howard, LLP  
City Place I  
Hartford, CT 06103-3499  
Telephone # (860) 275-0100  
Federal Bar No. CT00446

Z:\AUTOZONE\Pleading - federal.doc