FILED

**UNITED STATES DISTRICT COURT** 2003 FEB 26  P 3: 34
**DISTRICT OF CONNECTICUT**

US DISTRICT COURT
CRL... PORT CT

| | | |
|---|---|---|
| ADAP, INC. D/B/A AUTOZONE | : | |
| Plaintiff, | : | Civil Action No. CS |
| | | **303CV350 AWT** |
| V. | : | |
| RITZ REALTY CORP., ET AL<br>AvalonBay Communities, Inc. | : | |
| Defendants. | : | FEBRUARY 26, 2003 |

## VERIFIED COMPLAINT

## PARTIES

1.    The plaintiff, ADAP, INC. ("ADAP"), is a New Jersey corporation with a

principal place of business located in Memphis, Tennessee.

2.    The defendant, Ritz Realty Corp. ("Ritz"), is a Connecticut corporation with a

principal place of business located in Norwalk, Connecticut.

3.    The defendant, AvalonBay Communities, Inc. ("AvalonBay"), is a Maryland

corporation with a principal place of business located in Alexandria, Virginia.

## JURISDICTION AND VENUE

4.    The controversy involves primarily equitable relief the monetary value of which

exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of

interest and costs.

5.    Venue is properly placed in the United States District Court of the District of

Connecticut because it is the judicial district in which a substantial part of the

events giving rise to the claim occurred.

1

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332 by reason of diversity of citizenship and the monetary value of the claim underlying this controversy.

## THE ESSENTIAL UNDERLYING FACTS

### Riverview Plaza

7.    Ritz is the owner of that certain piece or parcel of real property known as "Riverview Plaza" located at located 24 Belden Avenue, Norwalk, Connecticut.

8.    Riverview Plaza is a mixed retail and office complex consisting of four (4) buildings - two (2) retail buildings, a multi-story office tower and a stand alone structure.

9.    The first retail building, occupied by various tenants, is located immediately adjacent to Belden Avenue and contains approximately 28,894 square feet.

10.    The second retail building is vacant and is located to the rear of the first retail building from Belden Avenue. It formerly housed a Pathmark grocery store.

11.    The office tower contains approximately 42,162 square feet.

12.    The fourth building contains an off-track betting parlor.

13.    The retail buildings have immediately adjacent parking for its customers, employees and invitees in a large open lot.

14.    Access to the retail buildings and the open parking lot is from entrances and exits on Cross Street and Belden Avenue.

15.    Parking for the office tower and its tenants, employees and invitees is located primarily in an underground parking garage.

2

16.    Parking for the off-track betting parlor is separate from the retail and office
       buildings.

17.    Access to the underground parking garage and off-track betting parlor is from
       Burnell Boulevard.

**AutoZone Lease**

18.    On or about April 17, 1997, ADAP and Ritz entered into a written lease ("Lease")
       for ADAP to exclusively occupy a portion Riverview Plaza consisting of
       approximately Five Thousand Six Hundred Eighty (5,680) Square Feet (the
       "Leased Premises").

19.    ADAP operates AutoZone on the Leased Premises – a seller of automobile and
       light truck parts, chemicals and accessories through over 3,000 stores in forty-two
       (42) states and the District of Columbia.

20.    The Leased Premises is located in the corner location of the first retail building of
       Riverview Plaza - closest to the access way from Belden Avenue.

21.    The AutoZone store has frontage along the open parking lot and Belden Avenue.

22.    AutoZone has a large sign on the front of its store that is visible from the open
       parking lot, Cross Street and Belden Avenue.

23.    Off street parking for the Leased Premises is located in two (2) locations: 1) The
       entrance driveway immediately adjacent to the Leased Premises; and 2) The open
       parking lot in front of the Leased Premises.

24.    As a result, customers, employees and invitees of AutoZone enjoy easily
       accessible off street parking.

3

25.   The lease provides ADAP, among other rights, use and occupancy of the Leased

Premises for an initial term of ten (10) years commencing not later than October

1, 1997, followed by two (2) successive renewal terms each of five (5) years.

26.   ADAP and Ritz agreed in Article 1 of the lease as follows:

> Landlord agrees that at all times during the term of this lease, adequate
> roadways and passageways shall be provided at the building for passage
> by motor vehicles and on foot between the leased premises, the parking
> areas and the public streets, and highways adjoining the building.
> Landlord further agrees that Exhibit A is a complete and accurate
> representation of the layout of the building, parking areas, access roads,
> loading docks, passageways and other common areas and facilities and
> improvements shown thereon, now completed or under construction or
> planned for [Riverview Plaza], as well as of the locations of the store
> enterprises noted thereon and that the layout thereof, as shown on Exhibit
> A will be adhered to in the development of [Riverview Plaza] and/or any
> subsequent expansion and/or alteration thereof so as to maintain the
> relative position of the buildings, the parking areas, the roadways and
> passageways, and the spaces of the tenants, all as shown on Exhibit A.
> Landlord agrees that there shall be no change whatever in the location,
> shape or dimensions of the premises hereby demised, and no substantial
> change in [Riverview Plaza] layout which would in any manner or to any
> degree adversely or materially affect the accessibility to the leased
> premises from the parking areas or the visibility of tenant's signs or
> storefront, without tenant's prior written consent in each instance, which
> consent shall not be unreasonably withheld.  Landlord further agrees not to
> place any free-standing buildings, kiosks, planters, trees, shrubs, stairs or
> other obstructions any place in front of the leased premises so as to affect
> the accessibility to or the visibility of the leased premises without first
> obtaining tenant's written consent, which consent shall not be
> unreasonably withheld or delayed.

27.   ADAP and Ritz agreed in Article 14 of the lease as follows:

> Landlord agrees throughout the term of this Lease to properly maintain
> and operate all parking areas and other common areas and facilities or
> appurtenances to the building and to keep same in good order and
> condition and properly lighted and cleaned.  The aforesaid obligations of
> Landlord shall include maintaining and at all times having adequate means
> of ingress and egress to and from accepted highways and public streets ...

4

All of the aforesaid obligations of Landlord shall be performed in accordance with good and accepted real estate practices throughout the term of this lease, Landlord recognizing that all of said common areas must be available at all times, in good and attractive order and condition, to serve Tenant's customers, employees and invitees.

           *                   *                   *

Landlord acknowledges that due to the fact the Premises has no rear loading door or dock, Tenant must unload its deliveries of goods and products to the Premises through the front door via access from the parking area in front of the Premises. Landlord agrees that, notwithstanding anything in this Lease to the contrary or any rules and regulations now or hereafter established by Landlord for tenants of the shopping center, Tenant shall be permitted to load and unload its goods and products through the front door of the Premises.

B. Landlord agrees that throughout the term of this Lease it shall provide and maintain, in good order and condition, paved and line painted parking areas adjacent to the building for use by Tenant's customers and invitees, which parking shall comply with all local ordinances and regulations applicable thereto including with respect to the required ratio parking spaces to area of the leased premises. If at any time during the term hereof the total parking area shall be decreased permanently by more than thirty-five percent (35%), than in such event Landlord shall designate and reserve for the exclusive use of Tenant's customers (including by cordoning off spaces to identify them as reserved for Tenant's customers) fifteen (15) parking spaces within the cross-hatched area identified on Exhibit A hereto and Landlord shall enforce such parking restrictions as may be reasonably necessary to ensure the [exclusiveness] of such parking spaces. If Landlord shall fail to provide such parking or to enforce restrictions as are reasonably necessary to ensure such parking to Tenant's customers and such failure shall continue for thirty (30) days after notice from Tenant, then Tenant may, in lieu of the fixed annual rent herein specified, pay to Landlord a reduced rent equal to three (3%) percent of its gross sales from the leased premises, plus all utilities it is required to p[ay under this Lease, until such time as the situation is remedied by Landlord; provided, however, that if such failure shall continue for more than ninety (90) days after such notice, then Tenant may cancel and terminate this Lease upon written notice to Landlord of such termination. Landlord further agrees that it will use reasonable efforts to limit access to parking in the parking areas of the Shopping Center to patrons of the Shopping Center and will establish and use reasonable efforts to enforce such parking restrictions as may be necessary in order for that to occur.

5

28.     The Leased Premises make for a desirable destination for ADAP's customers and

        is highly profitable for ADAP, providing it with a competitive advantage over

        other auto parts stores in the vicinity.

**AvalonBay's Proposed Development**

29.     Upon information and belief, Ritz has entered into contract for the purchase and

        sale of a portion of Riverview Plaza with AvalonBay.

30.     Upon information and belief, AvalonBay is the contract buyer of the real property

        consisting of the open parking lot and the area formerly the Pathmark grocery

        store.

31.     By application dated November 26, 2002, AvalonBay submitted a site plan

        review application to the Norwalk Zoning Commission ("Proposed

        Development").

32.     The Proposed Development consists of construction of two (2) new multi-story

        buildings, one in the area now used as an open parking lot and the other in the

        area formerly housing the Pathmark grocery store.

33.     The Proposed Development will result in the:

        a.      Addition of 312 residential units;

        b.      Addition of 1,500 square feet of retail space;

        c.      Reduction of parking spaces in the open parking lot.

34.     AvalonBay has represented that the Proposed Development will take

        approximately twenty-one (21) months to complete.

6

35.   During construction, parking will be altered and the existing open field parking

lot will be closed or largely inaccessible to customers, employees and invitees of

AutoZone.

36.   During construction, there will be significant business interruption and disruption.

37.   After construction, there will be significant reduction in accessibility, visibility

and parking.

38.   AvalonBay submitted and obtained a variance for the reduction from 70% to 60%

of the requirement for efficiency dwelling units.

39.   The Norwalk Zoning Commission scheduled a public hearing be held on February

26, 2003 to consider the application of AvalonBay.

40.   ADAP has consistently objected to the Proposed Development.

**Breaches of Lease**

41.   The Proposed Development will result in Ritz breaching the Lease with ADAP in

one or more of the following ways:

a.      Failing to maintain Riverview Plaza and the layout of the buildings,

parking areas, access roads, loading docks, passageways and other

common areas and facilities and improvements in the same or similar

condition as that set for in the Lease;

b.      Failing to maintain the locations of the store enterprises noted in the Lease

and adhering to the layout thereof in the development of Riverview Plaza

and/or any subsequent expansion and/or alteration thereof so as to

7

maintain the relative position of the buildings, the parking areas, the roadways and passageways, and the spaces of the tenants;

c.    Failing to maintain the Riverview Plaza layout with no substantial change;

d.    Adversely or materially affecting the accessibility to the Leased Premises from the parking areas;

e.    Adversely or materially affecting the visibility of AutoZone's signs or storefront;

f.    Adding free-standing buildings, trees, shrubs or other obstructions in front of the Leased Premises so as to affect the accessibility to or the visibility;

g.    Failing to properly maintain and operate all parking areas and other common areas and facilities or appurtenances to the building and to keep same in good order and condition;

h.    Failing to maintain all of the common areas so as to be available at all times, in good and attractive order and condition, to serve AutoZone's customers, employees and invitees;

i.    Failing to permit the AutoZone store to load and unload its goods and products through the front door of the Leased Premises;

j.    Failing to provide and maintain, in good order and condition, paved and line painted parking areas adjacent to the building for use by AutoZone's customers and invitees, in compliance with all local ordinances and regulations applicable thereto including with respect to the required ratio parking spaces to area of the Leased Premises;

8

    k.    Failing to designate and reserve for the exclusive use of AutoZone's customers (including by cordoning off spaces to identify them as reserved for AutoZone's customers) fifteen (15) parking spaces within the area identified in the Lease.

42.    If the Proposed Development is allowed to proceed, ADAP will suffer irreparable harm including, but not limited to, loss of convenient parking, loss of access from common areas, loss of visibility, business interruption and disruption during construction and inability to load and unload deliveries of goods, particularly during construction.

43.    ADAP lacks an adequate remedy at law for reasons including, but not limited to, inability to use and enjoy the Leased Premises as set forth in the Lease.

## FIRST COUNT (ANTICIPATORY BREACH OF CONTRACT)

44.    The actions of Ritz constitute an anticipatory breach of ADAP's contract rights under the Lease.

## SECOND COUNT (BREACH OF CONTRACT)

45.    The actions of Ritz constitute a breach of ADAP's contract rights under the Lease.

## THIRD COUNT

## (BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING)

46.    Ritz breached the duty it had to ADAP to act in good faith and to deal fairly.

## FOURTH COUNT (TORTIOUS INTERFERENCE WITH CONTRACT)

47.    AvalonBay, knowing of the existence of the Lease, has submitted and pursued the Proposed Development.

48.    AvalonBay, in pursuing the Proposed Development, has intentionally interfered with the rights of ADAP under its Lease.

49.    As a result of the interference, ADAP has suffered actual loss in ways including, but not limited to, expense of seeking an alternative location, retention of counsel, harm to reputation and tarnished public perception in being forced to oppose an otherwise attractive project in order to enforce its rights under the Lease.

50.    If the Proposed Development is approved and constructed, ADAP will suffer further and significant losses.

10

WHEREFORE, the plaintiff demands:

a.  A decree directing the defendants, Ritz and AvalonBay, to specifically perform the Lease;

b.  A temporary restraining order preventing the defendants and their agents, servants, attorneys and/or employees from violating the Lease or from taking any action to violate the Lease in connection with the Leased Premises including all common areas located at 24 Belden Avenue, Norwalk, Connecticut;

c.  A temporary and permanent injunction preventing the defendants and their agents, servants, attorneys and/or employees from violating the Lease or from taking any action to violate the Lease in connection with the Leased Premises including all common areas located at 24 Belden Avenue, Norwalk, Connecticut;

d.  A declaratory judgment declaring that the Proposed Development violates the Lease of ADAP;

11

e.    Damages;

f.    Such other relief as the Court may deem proper in law or in equity.

Dated: February 26, 2003          THE PLAINTIFF
Bridgeport, Connecticut           ADAP, INC. D/B/A AUTOZONE

                                  By: _____
                                      Bruce L. Elstein, Esq.
                                      Elstein and Elstein, P.C.
                                      1087 Broad Street
                                      Bridgeport, Connecticut 06604
                                      Telephone: (203) 367-4421
                                      Facsimile: (203) 366-8615
                                      Fed. Bar No. ct 01250
                                      Email: belstein@snet.net

12

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE            :

        Plaintiff,            : Civil Action No.

    V.                                          :

RITZ REALTY CORP., ET AL            :

        Defendants.            : FEBRUARY 26, 2003

## VERIFICATION

State of Tennessee    :
             :   SS: Memphis            February 26, 2003
County of Shelby      :

The undersigned, being duly sworn, deposes and says:

1.    I, William David Gilmore, Vice President of Development of AutoZone, Inc., parent company of ADAP, Inc., and as such am fully familiar with the facts herein.

2.    I have read the foregoing complaint, and the facts stated therein are true and accurate to the best of my knowledge and belief.

THE AFFIANT

William David Gilmore

Subscribed and sworn to before me February 26, 2003.

Notary Public

13

United States District Court
District of Connecticut
FILED AT        BRIDGEPORT

2-26        2003
Kevin F. Rowe, Clerk
By_____
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE        :

      Plaintiff,        : Civil Action No.

    V.        : **303CV350 AWT**

RITZ REALTY CORP., ET AL        :

    Defendants.        : FEBRUARY 26, 2003

## APPLICATION FOR TEMPORARY INJUNCTION AND

## ORDER TO SHOW CAUSE

The plaintiff in the above entitled action hereby makes application for a

temporary injunction in accordance with its prayer for relief, and respectfully requests

that an injunction be issued forthwith for the following reasons that the defendants be

ordered to appear at an early date to show cause why the prayer for an injunction should

not be granted.

Dated: February 26, 2003            **THE PLAINTIFF**
Bridgeport, Connecticut            **ADAP, INC. D/B/A AUTOZONE**

        By:_____
        Bruce L. Elstein, Esq.
        Elstein and Elstein, P.C.
        1087 Broad Street
        Bridgeport, Connecticut 06604
        Telephone: (203) 367-4421
        Facsimile: (203) 366-8615
        Fed. Bar No. ct 01250
        Email: belstein@snet.net

14

*[Left margin, handwritten/stamped vertical text:]* DENIED, without prejudice. The motion for a preliminary injunction is not accompanied by a memorandum of law showing that the plaintiff could satisfy the requirements for obtaining such relief. It is so ordered.

Alvin W. Thompson, U.S.D.J.
Hartford, CT 3/3/03

*[Vertical stamp:]* FILED 2003 MAR -3 A 10:40 US DISTRICT COURT HARTFORD CT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE    :

    Plaintiff,      : Civil Action No.

  V.          : **303CV350 AWT**

RITZ REALTY CORP., ET AL    :

    Defendants.   : _____, 2003

## ORDER TO SHOW CAUSE

 Whereas, the foregoing complaint with prayer and motion for a temporary injunction, duly verified, has been presented to the court, and

 Whereas, upon application of the plaintiff, it appears that an order should be issued directing the defendants in this action to appear before the court to show cause why a temporary injunction should not issue.

 Now therefore, it is ordered that the defendant be summoned to appear before the District Court for the District of Connecticut in Court Room _____ in the Federal Court located at_____ on _____, 2003  then and there to show cause why a temporary injunction should not issue against it as prayed for in the foregoing complaint and application.

       **BY THE COURT**

       _____

15

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE    :

    Plaintiff,      : Civil Action No.

  V.           :

RITZ REALTY CORP., ET AL    :

    Defendants.     303CV350 **AWT**, 2003

## TEMPORARY INJUNCTION

  The plaintiff's verified complaint and application for a temporary injunction

having come before the Court pursuant to an order to show cause why a temporary

injunction should not issue as prayed for and the parties appeared and were fully heard

  and it appearing to the court that a temporary injunction ought to issue,

  and the plaintiff having given a bond to the opposite party with surety satisfactory

to the Court in the sum of $_____ to answer all damages in case

the plaintiff shall fail to prosecute the action to effect.

  or

  that, for good cause shown the Court is of the opinion that the temporary

injunction ought to issue without bond.

  These are therefore, by authority of the Federal Court to command and enjoin you

Ritz Realty Corp. and AvalonBay Communities, Inc.and each of your officers, servants,

agents, attorney's and employees under penalty of $_____ to wholly

and absolutely desist and refrain from violating the Lease or from taking any action to

18

violate the Lease in connection with the Leased Premises including all common areas

located at 24 Belden Avenue, Norwalk, Connecticut until further order of the court.

**BY THE COURT**

_____

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE     :

    Plaintiff,      : Civil Action No.
               **303CV350 AWT**
  V.          :

RITZ REALTY CORP., ET AL    :

    Defendants.     : _____, 2003

## ORDER OF SERVICE

To Any Proper Officer:

   By authority of the state of Connecticut, you are hereby commanded to give

notice of the foregoing order of temporary injunction to Ritz Realty Corp. and

AvalonBay Communities, Inc. by serving upon them, in the manner provided by the

statute for the service of process, a true and attested copy of the foregoing writ,

complaint, temporary injunction and of this citation on or before

_____, 2003_____ and return make to this court.


        **BY THE COURT**


        _____


20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE                :

       Plaintiff,                          : Civil Action No. **3 0 3 C V 3 5 0**

     V.                                     :

RITZ REALTY CORP., ET AL                 :

       Defendants.                         : _____, 2003

### BOND

Know All Men by These Presents, that ADAP, Inc., plaintiff in the above entitled

action, as principal, and_____, as surety, are holden and bound, jointly

and severally, unto Ritz Realty Corp. and AvalonBay Communities, Inc. the penal sum of

$_____, to which payment well and truly to be made, the obligors

hereby bind themselves, their successors, heirs, executors and administrators, firmly by

these presents.

The condition of this obligation is such that whereas ADAP, Inc. has brought an

action against Ritz Realty Corp. and AvalonBay Communities, Inc. demanding equitable

relief as therein more fully appears, the writ being dated February 26, 2003 and signed by

Bruce L. Elstein, commissioner of the superior court: and

Whereas in the action an application was made for a temporary injunction and a

temporary injunction, a copy of which is hereto annexed, was granted, upon condition

that ADAP, Inc. furnish a good and sufficient bond to the defendants.

21

Now therefore, if the plaintiff shall prosecute the action to effect this bond shall be void and of no effect; but if the plaintiff shall fail to prosecute the action to effect, then this bond shall be in full force and effect and obligors herein shall be bound to answer all damages accruing by reason of the issuance of the temporary injunction.

_____L.S.

_____L.S.

**Approved,**

_____
Judge

22

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FILED

APPEARANCE

2001 FEB 26  P 3: 34

US DISTRICT COURT
BRIDGEPORT CT

ADAP, Inc.

v.

Ritz Realty Corp., EtAl

CASE NUMBER:

3 0 3 C V 3 5 0 AWT

To the Clerk of this court and all parties of record:

Enter my appearance as counsel in this case for:

ADAP, Inc.

| | |
|---|---|
| February 26, 2003 | _Signature_ |
| **Date** | Bruce L. Elstein |
| CT 01250 | **Print Clearly or Type Name** |
| **Connecticut Federal Bar Number** | 1087 Broad STreet |
| 203-367-4421 | **Address** |
| **Telephone Number** | Bridgeport, CT  06604 |

## CERTIFICATE OF SERVICE

This is to certify that the foregoing Appearance was mailed on this date to the following:

_____
Signature

(Use additional pages, if necessary, to list the name and address of each attorney or party for which you are certifying service)

Appearance.frm.feb.96

United States District Court
District of Connecticut
FILED AT        BRIDGEPORT

2-26
Kevin F. Rowe Clerk        200 3
By _Carol dander_
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a)    In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b)    All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c)    All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d)    Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e)    Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Kevin F. Rowe, Clerk

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE    :

   Plaintiff,     : Civil Action No.

  V.         :

RITZ REALTY CORP., ET AL    :

   Defendants.    : FEBRUARY 26, 2003

### NOTICE OF LIS PENDENS

KNOW ALL MEN BY THESE PRESENTS, notice is hereby given of the
pendency of a civil action wherein ADAP, INC., a New Jersey corporation with a
principal place of business located in Memphis, Tennessee, **Plaintiff**, and Ritz Realty
Corp., a Connecticut corporation with a principal place of business located in Norwalk,
Connecticut and AvalonBay Communities, Inc., a Maryland corporation with a principal
place of business located in Alexandria, Virginia, **Defendants**, brought by a writ dated
February 26, 2003, filed in the Federal District Court, District of Connecticut on February
26, 2003, which action is brought to specifically perform a lease agreement between
ADAP, Inc. and Ritz Realty Corp. dated April 17, 1997 and for declaratory and
injunctive relief.

The real estate affected by said civil action is set forth in Schedule "A" attached hereto and made a part hereof.

Dated at Bridgeport, Connecticut February 26, 2003.

THE PLAINTIFF
ADAP, INC. D/B/A AUTOZONE

By: _____
Bruce L. Elstein, Esq.
Elstein and Elstein, P.C.
1087 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 367-4421
Facsimile:  (203) 366-8615
Fed. Bar No. ct 01250
Email: belstein@snet.net

2

## SCHEDULE A

All that certain piece or parcel of land with the buildings and other improvements thereon, situated in the Town of Norwalk, County of Fairfield and State of Connecticut, and more particularly shown and designated on a map entitled "Wall-Main Urban Renewal Project UR Conn. R9 Disposition Map Parcel 30 to be Conveyed to Norwalk Merchants for Redevelopment, Inc. scale 1"=40' dated October 33, 1977 and Certified Substantially Correct by Edward H. Ryan, Land Surveyor, Conn. Registration No. 4470", which map is on file in the office of the Town Clerk of the City of Norwalk bearing file No. 7687, said parcel being more particularly bounded and described as follows:

Commencing at a point at the intersection of the easterly line of Cross Street and the Norwalk River as shown on said map and thence running in a general southeasterly direction along the southerly line of the Norwalk River as follows:  S 76° 07' 07" E 43.93 feet; thence running with a curve to the right having a radius of 399 feet for a distance of 40.23 feet; thence running N 66° 37' 30" E for a distance of 50.44 feet; thence with a curve to the left having a radius of 331 feet for a distance of 30.14 feet; thence running S 74° 06' 40" E 266.96 feet; thence running with a curve to the left with a radius of 331 feet for a distance of 40.12 feet; thence running S 94° 30' 31" E 57.83 feet; thence running with a curve to the left having a radius of 146 feet for a distance of 73.50 feet; thence running N 73° 39' 30" E 45.88 feet to a point in the southwesterly right of way line of the Penn Central Railroad as shown on said map; thence departing the southeasterly line of the Norwalk River and running along the southwesterly line of the right of way of the Penn Central Railroad S 40° 54' 40" E for a distance of 37.09 feet; thence running N 11° 11' 30" W for a distance of 43.19 feet; thence running S 66° 47' 35" E 90.68 feet to a point in the northwesterly line of Burnell Boulevard as shown on said map; thence along the westerly street line of Burnell Boulevard the following courses and distances as shown on said map: 84.39 feet by a curve to the left having a radius of 405 feet; thence N 66° 30' 10" W 33.10 feet; thence S 44° 23' 30" E 1 foot; thence S 45° 30' 10" W 341.13 feet to a point of tangency; thence with a curve to the right having a radius of 60 feet a distance of 79.13 feet, said curve forming the northerly intersection line of Burnell Boulevard and Belden Avenue as shown on said map; thence along the northerly line of Belden Avenue as shown on map N 58° 15' 51" W 473.85 feet to a point of tangency; thence with a curve to the right having a radius of 43 feet a distance of 58.06 feet, said curve forming the northeasterly line of the intersection of Belden Avenue and Cross Street as shown on said map; thence along the easterly line of Cross Street as shown on said map the following two courses and distances:  N 16° 56' 16" E 3.73 feet; thence by a curve to the right having a radius of 680 feet for a distance of 763.14 feet to the point or place of beginning;

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2003 FEB 26  P 3: 34

US DISTRICT COURT
BRIDGEPORT CT

ADAP, INC. D/B/A AUTOZONE              :

        Plaintiff,                          : Civil Action No.

   V.                                      :

                                         303 CV 350 AWT

RITZ REALTY CORP., ET AL               :

        Defendants.                         : FEBRUARY 26, 2003

### RULE 7.1 DISCLOSURE

Pursuant to Fed. Rule Civ. Pro. 7.1, the plaintiff, ADAP, Inc., hereby discloses

that its parent corporation, owning more than ten (10%) percent of its stock, is AutoZone,

Inc., a Nevada corporation with a principal place of business in Memphis, Tennessee.

AutoZone, Inc. is a publicly held corporation traded under the stock symbol "AZO".

Dated at Bridgeport, Connecticut February 26, 2003.

                         **THE PLAINTIFF**
                         **ADAP, INC. D/B/A AUTOZONE**

By:_____
                    Bruce L. Elstein, Esq.
                    Elstein and Elstein, P.C.
                    1087 Broad Street
                    Bridgeport, Connecticut 06604
                    Telephone: (203) 367-4421
                    Facsimile:  (203) 366-8615
                    Fed. Bar No. ct 01250
                    Email: belstein@snet.net