# EXHIBIT "F"

# DAY, BERRY & HOWARD LLP

One Canterbury Green
Stamford
Connecticut 06901-2047
Telephone (203) 977-7300
Facsimile (203) 977-7301
Internet ajroberts@dbh.com

*Counsellors at Law*
*Stamford, Greenwich, Hartford and Boston*

Allen J. Roberts III
(203) 977-7567

January 29, 2002

**PLAINTIFF'S EXHIBIT**

/2

<u>VIA FACSIMILE & UPS</u>

Ritz Realty Corp.
c/o Berliner & Pilson
3 New York Plaza
New York, NY 10004
Attn: Eric Berliner, Esq.

*Re:*     ***Ritz Realty Corp. ("Seller") to AvalonBay Communities, Inc. ("Buyer")***
        ***24 Belden Avenue, Norwalk CT***

Gentlemen:

Buyer has updated me on your meeting with Mayor Alex Knopp on Tuesday, January 22, 2002, where the parties discussed, among other things, the tenant issue. I have also been informed that the Mayor does not believe that condemning the retail leases is currently a viable option. Therefore, it is crucial that the parties comply with their obligations under Section 3 of Amendment No. 1 to the Contract and use reasonable efforts to gain acceptance or approval from each tenant before they raise additional objections to the proposed project.

The tenants that are of particular concern to Buyer, based upon the language in their leases, are Auto Zone, McDonald's and Radio Shack. Pursuant to Article 1 of the Auto Zone lease, "Landlord agrees that there shall be…no substantial change in the Shopping Center layout which would in any manner or to any degree adversely or materially affect the accessibility to the leased premises from the parking areas or the visibility of Tenant's signs or storefront, without Tenant's prior written consent in each instance, which consent shall not be unreasonably withheld."

The Auto Zone lease also states that, "Landlord further agrees not to place any free-standing buildings…or other obstructions any place in front of the leased premises so as to affect the accessibility to or the visibility of the leased premises without…Tenant's written consent, which consent shall not be unreasonably withheld or delayed."

RR 00119

ARC0035

**DAY, BERRY & HOWARD** LLP

Additionally, Section 4G. of the McDonald's lease provides that "Landlord covenants and agrees that it will not do anything to interfere with the visibility of or access to the Demised Premises or Tenant's signage. If this covenant is broken, Tenant shall be entitled to injunctive and other appropriate relief, whether under the provisions of this Lease or otherwise."

Similarly, Section 25 of the Radio Shack lease allows Landlord to change the common areas, including parking, provided that "...Landlord agrees ... (2) not to materially or unduly interfere with the foot traffic, sidewalks or operation of business from the Demised Premises, nor the ingress or egress or visibility thereof, including signage...." Also, Section 18A. of the Radio Shack lease provides that "...Landlord shall prevent any obstruction in the visibility of Tenant's sign(s)."

In the remaining retail leases, Seller reserved the right to change the common areas, including parking. However, the leases further state that "...in making any such change, Landlord will not obstruct the visibility or access to the Leased Premises."

Buyer is concerned that the language contained in the leases will give the tenants a basis for objecting to the proposed project. This concern is supported by Auto Zone's recent reaction to the project. As your requested, Paxton Kinol mailed site plans for the project to Auto Zone and Radio Shack on December 17th, and requested that they contact you with any questions. Upon receipt of the plans, Auto Zone voiced strong objection to the proposed project, stating that it will adversely impact its visibility and sales.

Accordingly, it is necessary to procure estoppel certificates from all tenants (retail and office tenants) immediately so as not to prolong the approval process for the project, and lose the goodwill that Buyer has fostered with the City. While Buyer will continue to do what it can to assist in gaining tenant approval for the project, there is no privity between Buyer and the tenants. Therefore, Seller, as Landlord, must formally notice each tenant and obtain consents from each in the form of executed estoppel certificates. In order to assist in this effort, enclosed is a form estoppel that should be completed and executed by an authorized officer of each tenant. You will note that the estoppel references a set of reduced site plans that must be attached for the tenants' review, which I will deliver to you under separate cover. Please copy me, as well as Buyer on all correspondence with the tenants.

While Buyer is prepared to assist Seller in gaining the tenants' approval of the project in accordance with Section 3 of the Amendment, all such efforts shall be at Seller's expense. Any legal expenses or settlement costs incurred in connection with the tenants shall be borne entirely by Seller.

Please be advised that pursuant to Section 3 of the Amendment, in the event any tenant makes a claim or takes action to stop or delay development, all timeframes contained in the Contract will be frozen until such action is resolved. Given the claims

RR 00120

ARC0036

**DAY, BERRY & HOWARD LLP**

made by Auto Zone, Buyer hereby notifies Seller that the timeframes under the Contract are frozen. Accordingly, Buyer's obligation to pursue the Approvals is suspended until such time as all issues with the tenants have been resolved.

Please countersign below confirming Seller's agreement to obtain executed estoppels from each tenant in the form attached hereto, and confirming that the Contract timeframes are hereby frozen. Please also call me immediately to discuss how next to proceed with this matter.

Very truly yours,

Allen J. Roberts, III

AGREED AND ACCEPTED:

Ritz Realty Corp.

By:_____
      Name:
      Title:

Enclosures

cc:    Greg Manocherian (via UPS, w/encl.)
       Mark Robbins (via fax, w/encl.)
       Paxton Kinol (via fax, w/encl.)
       William McLaughlin (via fax, w/encl.)

RR 00121

ARC0037

## TENANT'S ESTOPPEL CERTIFICATE

PREMISES:

LANDLORD:

TENANT:

LEASE DATED:

TENANT'S NOTICE ADDRESS:

DATE: _____, 2002

       The undersigned, Tenant, hereby certifies to Landlord and AvalonBay Communities, Inc. that:

1.    Tenant has accepted possession of the Premises pursuant to the Lease. The Lease term commenced on _____. The termination date of the Lease term, excluding renewals and extensions, is _____. Tenant has no right or option to renew or extend the Lease term, except as follows:

_____

2.    Any improvements required by the terms of the Lease to be made at any time by Landlord have been completed to the satisfaction of Tenant in all respects, all allowances or reimbursements payable to Tenant under the Lease have been paid in full, and Landlord has fulfilled all of its duties under the Lease.

3.    The Lease has not been assigned, modified, supplemented or amended in any way. The Lease constitutes the entire agreement between the parties and there are no other agreements between Landlord and Tenant concerning the Premises with respect to same.

4.    The Lease is valid and in full force and effect, and, to the best of Tenant's knowledge, neither Landlord nor Tenant is in default thereunder. Tenant has no defense, setoff or counterclaim against Landlord arising out of the Lease or in any way relating thereto, or arising out of any other transaction between Tenant and Landlord, and no event has occurred and no condition exists, which, with the giving of notice or the passage of time, or both, will constitute a default under the Lease.

5.    The Lease contains, and Tenant has, no options or rights of first refusal to purchase the Premises or any part thereof or all or any part of the real property or improvements of which the Premises are a part, or to lease or occupy any part of the real property or improvements of which the Premises are a part, other than the Premises.

6.      Tenant has not sublet the Premises to any subtenant and has not assigned any of its rights under the Lease.  No one except Tenant and its employees occupy the Premises.

7.      Tenant has not and shall not suffer nor manufacture, store, handle, transport, dispose of, spill, leak, dump any toxic or hazardous waste, waste product or substance (as they may be defined in any federal or state statute, rule or regulation pertaining to or governing such wastes, waste products or substances) on the Premises or any part of the real property or improvements of which the Premises is a part at any time during the term, or extended term, of the Lease.

8.      Tenant acknowledges that it has received and reviewed AvalonBay's proposed plans for the project to be constructed on a portion of the real property, of which the Premises is a part (but not including the Premises), dated _____, 2002 and entitled, "_____," which plans are attached hereto as Exhibit A.  Based upon such review, Tenant has no objection to the project.

9.      Tenant acknowledges that the proposed plans referenced in Paragraph 8 above do not violate any provision of the Lease, including, without limitation, provisions relating to access, parking or visibility.

10.      Tenant acknowledges that, during construction of the proposed project, there will be a reasonable period of time in which Tenant will experience some disruption in Tenant's access to and parking at the Premises.  During such time, Tenant shall be provide reasonable alternate access and parking.

11.      This Estoppel Certificate is being executed and delivered by Tenant to induce AvalonBay Communities, Inc. to purchase a portion of the real property of which the Premises is a part (but not including the Premises), and with the intent and understanding that the above statements will be relied upon by AvalonBay Communities, Inc.

TENANT:

_____