# EXHIBIT "G"

FEB 07 2002 19:22 FR DBH LLP          203 977 7301 TO 912124256444        P.01/06

Time In                                                                   Time Delivered

# FAX TRANSMISSION
## DAY, BERRY & HOWARD LLP
One Canterbury Green
Stamford, Connecticut 06901-2047
(203) 977-7300
Fax: (203) 977-7301



PLAINTIFF'S EXHIBIT
13 IDENT 9-27-04SB

| From: | Allen J. Roberts, III        | Phone #: | (203) 977-7567                  |
| Date: | February 7, 2002             | Pages:   | 6   page(s), including cover page |
| Subject: | Belden Avenue, Norwalk, CT |          |                                 |

| | | | |
|---|---|---|---|
| Eric Berliner Esq. | Berliner & Pilson | (212) 425-6444 | (212) 425-8500 |
| Mark H. Robbins | AvalonBay Communities, Inc. | (203) 761-6565 | (203) 761-6512 |
| William McLaughlin | AvalonBay Communities, Inc. | (617) 472-5553 | (617) 847-1201 |
| Paxton Kinol | AvalonBay Communities, Inc. | (203) 761-6565 | (203) 761-6549 |
| Ms. Angel Franzen | AvalonBay Communities, Inc. | (203) 761-6565 | (203) 761-6514 |

**MEMO**

If there is any problem during transmission
please call
(203) 977-7366

*This Facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

Rev. 3/1/99
TimeKeeper No.   1849                    Client/Matter No.   91122/03430
Fax Dept: Domestic (15) #pgs. ___; Inter. (16) ___; Service (18) ___    Return To:   Allen J. Roberts, III

Document
February 7, 2002 7:19 PM

RR 00135

ARC0051

# DAY, BERRY & HOWARD LLP

One Canterbury Green
Stamford
Connecticut 06901-2047
Telephone (203) 977-7300
Facsimile (203) 977-7301
Internet ajroberts@dbh.com

*Counsellors at Law*
*Stamford, Greenwich, Hartford and Boston*

Allen J. Roberts III
(203) 977-7567

February 7, 2002

**VIA FACSIMILE & UPS**

Ritz Realty Corp.
c/o Berliner & Pilson
3 New York Plaza
New York, NY 10004
Attn: Eric Berliner, Esq.

Re: *Ritz Realty Corp. ("Seller") to AvalonBay Communities, Inc. ("Buyer")*
*24 Belden Avenue, Norwalk CT*

Gentlemen:

This is a follow-up to my letter dated January 29, 2002, confirming certain agreements reached between Buyer and Seller concerning the tenants during a conference call on January 31st.

First, the parties agreed that Seller is only required to obtain written consent of the Buyer's proposed project from the national tenants that face the parking lot where the community is to be constructed. This includes consents from Auto Zone, McDonald's and Radio Shack (collectively, the "National Tenants"). In agreeing to written consents only from the National Tenants, Buyer is relying upon the fact that Seller has provided Buyer with all current lease agreements in effect with the other tenants, and that there are no agreements with those tenants (other than the leases provided to Buyer), or anyone else which would adversely impact Buyer's intended project.

In addition to the National Tenants, we must discuss the lease with Edwin Robinson ("Wash & Dry") because this tenant also faces the proposed project area. While the parties did not specifically discuss obtaining a written consent from Wash & Dry, there is a visibility issue with this tenant. Section 9(a) of the Wash & Dry lease provides that Landlord cannot obstruct visibility or access to the leased premises. Based upon this, Buyer requests that Seller obtain written consent from this tenant as well.

FEB 07 2002 19:22 FR DBH LLP          203 977 7301 TO 912124256444      P.03/06

**DAY, BERRY & HOWARD LLP**

Ritz Realty Corp.
February 7, 2002
Page 2

      In lieu of estoppel certificates originally requested by Buyer as proof of the Tenants' consent, the parties agreed that a consent letter is more appropriate. For your convenience, attached is a form letter which Buyer suggests that Seller send to each Tenant, and cause an authorized officer from each Tenant to countersign and return to Buyer. The letters should be formally sent to each Tenant, along with a copy of the reduced site plans that Buyer delivered to you under separate cover. It is also important that the letter be sent in strict compliance with the notice provisions of the leases, including, but not limited to sending via certified mail, return receipt requested, and copying any parties specified therein. Please copy me, as well as Buyer on all correspondence with the Tenants.

      While I informed you in my previous letter of Buyer's position that the timeframes under the Agreement have tolled as a result of the tenant issues, Buyer agrees to postpone this position for 21 days from the date of this letter to allow Seller an opportunity to obtain written consents from the National Tenants and Wash & Dry. If the consents are not secured within this time, then all timeframes set forth in the Contract shall toll, and all obligations of Buyer to obtain the Approvals shall be suspended until Seller has obtained written consent from each of the referenced tenants in the form of the countersigned letter.

      While Buyer is willing to fully cooperate with Seller in securing the consents, it shall not be obligated to pay any out of pocket expenses, including legal expenses or settlement costs.

      Additionally, you requested during the conference a representation from Buyer that there will be no impact to the existing tenants (including the National Tenants and Wash & Dry) during construction of the project. Unfortunately, it is inevitable that there will be an impact during construction. However, Buyer will cooperate with Seller and the tenants (including the National Tenants and Wash & Dry) by using commercially reasonable efforts not to disrupt or adversely impact the tenants during all stages of construction.

      Finally, I understand that you and Buyer discussed the possibility of relocating some of the existing tenants to the new retail space to be constructed. Buyer is potentially interested in discussing the relocation of those tenants that meet Buyer's credit, aesthetic and financial parameters, and that are in keeping with Buyer's overall residential community. If any tenants express a desire to relocate to the new retail space, they should contact Mark Robbins directly.

      Please countersign below confirming Seller's agreement to obtain written consents from the National Tenants and Wash & Dry in the form attached hereto, within the time specified herein.

71109735.1 91122-03430
February 7, 2002 7:00 PM

RR 00137

ARC0053

FEB 07 2002 19:23 FR DBH LLP         203 977 7301 TO 912124256444         P.04/06

## DAY, BERRY & HOWARD LLP

Ritz Realty Corp.
February 7, 2002
Page 3

                                        Very truly yours,

                                        Allen J. Roberts, III

AGREED AND ACCEPTED:

Ritz Realty Corp.

By:_____
    Name:
    Title:

Enclosures

cc:    Greg Manocherian (via UPS, w/encl.)
       Mark Robbins (via fax, w/encl.)
       Paxton Kinol (via fax, w/encl.)
       William McLaughlin (via fax, w/encl.)

February 7, 2002

**CERTIFIED MAIL
RETURN RECEIPT NO.**

[TENANT'S NAME]
[TENANT'S ADDRESS]

      *Re:*    *New AvalonBay Residential Community
            24 Belden Avenue, Norwalk, CT*

Dear Tenant:

    We are pleased to inform you that we recently entered into a contract to sell a portion of the referenced property to AvalonBay Communities, Inc. The sale does not include the existing office and retail space, so your lease will not be affected by this transaction. AvalonBay proposes to construct a mixed use project consisting of residential apartments and retail space on a portion of the existing parking lot, and residential apartments in place of the currently vacant grocery store.

    Enclosed for your information is a reduced copy of the proposed site plan for the project dated January 8, 2002. You will note that as part of the project, an underground parking garage will be constructed in order to accommodate the residents of the new community.

    Please be advised that there will be some disruption to access and parking at the property during construction. However, commercially reasonable efforts will be made to minimize this impact. Despite this temporary disruption, I think you will agree that the end result will be a revitalization of this section of Norwalk, and more importantly, an enhancement to your customer base.

    After you have reviewed the enclosed plan, please have an authorized officer sign below acknowledging that (i) you have received and reviewed the plan; (ii) that you consent to the same; and (iii) that the plan does not violate any provision of your lease. Then, please return the countersigned letter to my attention by _____, 2002.

711097812.2
February 7, 2002 6:53 PM
TENANT'S ESTOPPEL CERTIFICATE

RR 00139

ARC0055

     If you have any questions, please call me at (212) _____. Thank you for your anticipated cooperation with this matter.

                                              Very truly yours,

                                              Ritz Realty Corp.

AGREED AND ACCEPTED:

[TENANT'S NAME]

BY: _____
     Name:
     Title:

Enclosures

cc:   G. Manocherian – Ritz Realty Corp.
      W. McLaughlin – AvalonBay Communities, Inc.
      M. Robbins – AvalonBay Communities, Inc.
      A. Roberts, Esq. – Day, Berry & Howard LLP

711097782.2
February 7, 2002 6:39 PM
TENANT'S ESTOPPEL CERTIFICATE

- 2 -

RR 00140

** TOTAL PAGE 06 **

ARC0056