UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE            :        **CASE NO. 3:03cv350 (MRK)**
       Plaintiff,

       **V.**                                 :

RITZ REALTY CORP. AND
AVALONBAY COMMUNITIES, INC.
       Defendants.                :         **FEBRUARY 25, 2005**

## DEFENDANT RITZ REALTY INC'S LOCAL RULE 56(A)(2) STATEMENT

Defendant Ritz Realty Inc., ("Ritz"), by way of stating its responses to Plaintiff's Local Rule 56(a)(1) Statement of proposed material facts, hereby adopts, in its entirety, the Local Rule 56(a)(2) Statement of its co-defendant AvalonBay Communities, Inc.

In addition, Ritz supplies its own Local Rule 56(a)(2) Statement of Disputed Issues of Material Fact as follows:

1.      The individuals who drafted and negotiated the Lease for ADAP are no longer employed by ADAP's successor, AutoZone. *See* **Exhibit A,** Affidavit of Eric Berliner.

2.      The Lease was drafted by ADAP and certain terms were negotiated by Ritz President Eric Berliner, on behalf of Ritz, late in 1996 and early in 1997. *Id.*

3.      The copy of the Lease attached to Plaintiff's Motion for Summary Judgment at Exhibit C is an authentic copy except that the page Bates stamped JM 00369 is not a part of the Lease or the authentic exhibits to the Lease. *Id.*

4.     At the time of the negotiation of the Lease, the major tenant at Riverview was a Pathmark supermarket, which occupied approximately 50,000 square feet.  *Id.*

5.     Ritz anticipated that Pathmark might vacate Riverview and that, following Pathmark's departure, Ritz might need to make some overall changes in the shopping center layout. *Id.*

6.     Ritz, in negotiations with ADAP, required language in the Lease that would provide some flexibility for potential changes; in particular, Ritz insisted that the Lease provide that changes could be made in the shopping center layout and structure, provided that ADAP would have the right to review proposed changes and give its consent, but that its consent would not be unreasonably withheld. *Id.; See also* **Exhibit B**, Berliner Deposition, at 29:14-30:3.

7.     Ritz intended to retain flexibility to redevelop Riverview while assuring ADAP that it would have adequate parking for its customers.  *See* Berliner Affidavit.

8.     In or about November, 2001, Ritz, through its President Eric Berliner, made several attempts to contact James McClain, an attorney for AutoZone and to describe the Project and to seek AutoZone's consent. *Id.; see also* Berliner Deposition at 79:4-12.

9.     McClain responded January 3, 2002, with a statement asserting that the Project would "destroy ADAP's business" and that ADAP would not consent to the proposed construction. *See* Berliner Affidavit at Attachment 2.

12.    Berliner made repeated calls to McClain's office to attempt to discuss his concerns about the Project.  None of his calls was answered or returned. *Id., See also* Berliner Deposition at 81:14-16.

13.    On March 7, 2002, Berliner sent McClain a letter with an attached construction phasing plan for reconfiguration of Riverview.  Berliner received no response from him. *See* Berliner Affidavit.

14.    Berliner conferred with AvalonBay about modification of the site plan to accommodate AutoZone's objections.  AvalonBay transmitted a modified site plan to AutoZone.  However, AutoZone refused to give its consent.  AutoZone refused to engage in any meaningful discussion of the Project. *Id.; See also* Berliner Deposition at 117:19-118:3.

15.    The parking ratio for retail tenants will be improved once the Proposed Development is constructed. *Id.* at 131:19-132:8.

16.    Ritz and AvalonBay have been willing to develop signage for Autozone to increase its visibility. *Id.* at 132:18-25; 133:21-134:25.

17.    Because AutoZone has refused to give its consent and indeed has brought this litigation, the Project has not gone forward and the sale has not closed.  Ritz has been deprived of revenues from the sale.  Other tenant leases have terminated and tenants have moved out in anticipation of the project, thereby reducing Ritz's rental income.  Ritz has been substantially

-3-

harmed by AutoZone's unreasonable failure and refusal to give its consent to the project or to negotiate in good faith and in a commercially reasonable manner. *See* Berliner Affidavit.

18.     Contrary to Plaintiff's claims that the AutoZone store enjoys unfettered visibility, the AutoZone store is obscured by existing trees and traffic from numerous vantage points on Cross Street and Belden Avenue. *Id., at Attachment 3.*

DEFENDANT RITZ REALTY CORP.


By: _____
      Andrew Houlding, Esq. (CT12137)
      Rome McGuigan, P.C.
      One State Street, 13th Floor
      Hartford, CT  06103
      Phone:  (860) 493-3468
      Fax:  (860) 724-3921
      ahoulding@rms-law.com
      Its attorneys

## **CERTIFICATION**

This is to certify that a copy of the foregoing Local Rule 56(a)(2) Statement has been sent

via first class mail on this 25th day of February 2005 to the following counsel of record:

Joseph Hammer, Esq.
Day, Berry & Howard, LLP
City Place One
Hartford, CT  06103

Bruce L. Elstein, Esq.
Elstein and Elstein, P.C.
1087 Broad Street
Bridgeport, CT  06604

_____
Andrew Houlding

9202-4/395280

-5-

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ADAP, INC. D/B/A AUTOZONE    :  **CASE NO. 3:03cv350 (MRK)**
  Plaintiff,

   V.          :

RITZ REALTY CORP. AND
AVALONBAY COMMUNITIES, INC.
  Defendants.     :  **FEBRUARY 25, 2005**

<u>AFFIDAVIT</u>

Eric Berliner, being duly sworn, deposes and says:

1.  I am President of Ritz Realty Corp., ("Ritz") the defendant in the above-captioned action.

2.  Ritz is the owner of the Riverview Shopping Plaza ("Riverview") in Norwalk, Connecticut.

3.  Ritz entered into a lease in 1997 with ADAP, Inc. (the "Lease") for a portion of the space at Riverview. ADAP was later acquired by AutoZone. The individuals who drafted and negotiated the Lease for ADAP are not employed by AutoZone. The Lease was drafted by ADAP and certain terms were negotiated by me, on behalf of Ritz, late in 1996 and early in 1997.

4.  I have reviewed the exhibits attached to Plaintiff's Motion for Summary Judgment and, in particular, the copy of the Lease dated April 17, 1997 attached under Tab C, and Bates-stamped JM 00339 through and including JM 00368, and I agree that the document is

a true copy of the Lease.  However, the page Bates stamped JM 00369 is not a part of the Lease or the authentic exhibits to the Lease.

5.      At the time of the negotiation of the Lease, the major tenant at Riverview was a Pathmark supermarket, which occupied approximately 50,000 square feet.  Because I anticipated that Pathmark might vacate Riverview, and because I anticipated that Ritz might make some overall changes in the shopping center layout, I required language in the Lease that would provide some flexibility for potential changes.

6.      In particular, I required that the Lease provide that changes could be made in the shopping center layout and structure, provided that ADAP would have the right to review proposed changes and give its consent, but that its consent would not be unreasonably withheld.

7.      In negotiations with ADAP, I agreed that if the shopping center layout changed so as to substantially and permanently reduce the size of the parking lot, Ritz would set aside 15 parking spaces for the exclusive use of ADAP or its customers.  The premise for this agreement was that Ritz would retain flexibility to redevelop Riverview while assuring ADAP that it would have adequate parking for its customers.

8.      In October, 2001, Ritz entered into an agreement with the co-defendant AvalonBay Communities Inc. ("AvalonBay") for the sale of a portion of Riverview for development by AvalonBay.  The agreement contemplates construction of a residential building in a portion of Riverview where there is an open parking lot (the "Project").  The building would be constructed on stilts so that street level parking for retail tenants, including AutoZone, would

-2-

be preserved. That parking would be underneath the new building so that cars would be protected from the elements. In addition, the construction would create additional underground parking. The surface parking area would include at least 165 surface parking spaces for retail tenants' customers during business hours, and would include 15 reserved spaces for AutoZone customers. The Project would also build residential units over the space formerly occupied by Pathmark. The total amount of retail space at Riverview would be reduced by more than 50,000 square feet, so that the parking ratio (number of spaces per 5,000 square feet of retail space) for the remaining retail tenants, including AutoZone, would improve.

9.      In or about November, 2001, I made several attempts to contact James McClain, an in-house attorney for AutoZone. I left repeated messages for him but he did not return my calls. I had intended to describe the Project and to seek AutoZone's consent.

10.      In mid-December, 2001, I requested that AvalonBay transmit to McClain some materials outlining the Project. AvalonBay did so. A copy of the AvalonBay transmittal letter is attached as **Attachment 1.**

11.      McClain did not respond until January 3, 2002, when he sent a message asserting that the Project would "destroy ADAP's business" and that ADAP would not consent to the proposed construction "or any other construction in violation of ADAP's lease." A copy of McClain's response is attached as **Attachment 2.**

12.      I made repeated calls to McClain's office to attempt to discuss his concerns about the Project. None of my calls was answered or returned.

-3-

13.    On March 7, 2002, I sent McClain a letter with an attached construction phasing plan for reconfiguration of Riverview. I received no response from him.

14.    I conferred with AvalonBay about modification of the site plan to accommodate AutoZone's objections. AvalonBay transmitted a modified site plan to AutoZone, and I was copied on the communications. However, AutoZone refused to give its consent.

15.    AutoZone refused to engage in any meaningful discussion of the Project.

16.    Because AutoZone has refused to give its consent and indeed has brought this litigation, the Project has not gone forward and the sale has not closed. Ritz has been deprived of revenues from the sale. Other tenant leases have terminated and tenants have moved out in anticipation of the project, thereby reducing Ritz's rental income. Ritz has been substantially harmed by AutoZone's unreasonable failure and refusal to give its consent to the project or to negotiate in good faith and in a commercially reasonable manner.

17.    Attached hereto as **Attachment 3** are true and accurate copies of photographs of Riverview Plaza and the AutoZone store that are Bates numbered ABS0178, ASB0181, ASB0182, ASB0184, and ASB0186. The photographs show that views of the AutoZone store are presently obscured by existing trees and traffic.

-4-

Further, deponent sayeth not.

I have read the foregoing affidavit, which is in five (5) pages, including this one, and the statements made therein are the truth to the best of my knowledge and belief.

_____
Eric Berliner

STATE OF ~~FLORIDA~~ N.Y.        }
                                 } ss:
COUNTY OF N Y                    }

On this 23ʳᵈ day of February, 2005, personally appeared Eric Berliner before me, signer of the foregoing Affidavit, who acknowledged the same to be his free act and deed.

_____
Notary Public
My Commission Expires:

9202-4/394692

RICHARD J. PILSON
Notary Public, State of New York
No. 31-4944649
Qualified in New York County
Commission Expires Nov. 28, 2006

-5-

# ATTACHMENT 1



15 River Road, Suite 210 ▲ Wilton, CT 06897-4064 ▲ Tel (203) 761-6500

December 17, 2001

James O. McClain, Esq.
c/o AutoZone, Inc.
123 South Front, D-2
Memphis, TN 38101

Dear Mr. McClain:

At the request of Eric Berliner, I have enclosed preliminary plans of our development in Norwalk, Connecticut. Once you have reviewed the plans you should contact Eric with any questions or concerns. I believe Eric will schedule a meeting or conference call if any substantive issues are raised.

I look forward to talking with you at that time.

Sincerely,

Paxton Kinol
Senior Development Director

Enclosure
cc: Eric Berliner, Esq.

# ATTACHMENT 2

**Jim McClain**

01/03/2002 11:13 AM

To: Ritz Realty Corporation@9-1-203-846-3271@fax
cc:
Fax to:
Subject: AZ-5156, 24 Belden Ave, Norwalk, CT; Proposed Apartment Development

I represent ADAP, Inc, your tenant at the captioned location. I have received a letter dated December 17, 2001 from a Mr Paxton Kinol of AvalonBay Communities, Inc. Mr Kinol's letter included some preliminary development plans that show multistory apartment buildings with basement garages located in place of most of the improvements in the shopping center in which ADAP's store is located.

These plans are a complete surprise to us. We are concerned because ADAP's store at this location is highly profitable, and the proposed construction would destroy ADAP's business and violate ADAP's lease. ADAP has not consented to or encouraged either the development of any construction plans or any construction, and will not consent to or suffer the proposed construction or any other construction in violation of ADAP's lease. Please acknowledge that you have no plans to commence any construction at this location.

FROM: James O. McClain, Attorney
AutoZone Property Management

Fax: (901) 495-8900; phone: (901) 495-8807; jim.mcclain@autozone.com
Mailing Address: AutoZone Department 8700, PO Box 2198, Memphis, TN 38101-2198;
Address for Courier Services: AutoZone Department 8700, 123
South Front Street, Memphis, TN 38103

JM 00101