**UNITED STATES DISTRICT COURT**

**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ADAP, INC. | : | CASE NO. 3:03 CV 350 (MRK) |
| VS. | : | |
| RITZ REALTY CORP., | : | |
| AVALONBAY COMMUNITIES, INC. | : | MARCH 4, 2005 |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

The plaintiff hereby submits this memorandum in reply to the defendants' opposition to the plaintiff's motion for summary judgment.

## I. INTRODUCTION

The defendants oppose the plaintiff's motion for summary judgment by contending that:

1. The Lease contemplates development such as that proposed here;
2. There are factual disputes concerning the following;
   a. Whether the physical changes to Riverview Plaza as set forth in the Proposed Development constitute a breach of the Lease; and/or
   b. Whether AutoZone has unreasonably withheld consent;
3. The plaintiff cannot obtain specific performance as a matter of law.

Nothing raised by the defendants is sufficient to deny the motion for summary judgment because:

1. The Lease prohibits any development of Riverview Plaza that, ***in any manner or to any degree***, adversely or materially affects

accessibility, parking or visibility. The undisputed material facts are that the Proposed Development will have an adverse affect on accessibility, parking and visibility. The defendant's dispute the extent of such adverse affect. However, even as disputed, a material adverse affect is present, and therefore, a breach has occurred;

2. There are no material factual disputes because;

   a. The physical changes are so fundamental that there can be no reasonable factual dispute that the layout, character and nature of Riverview Plaza will be substantially changed by the Proposed Development in violation of the restrictive covenants contained in the Lease; and

   b. Plaintiff may refuse to consent when the Proposed Development has an adverse affect on visibility, accessibility or parking regardless of the degree;

3. Defendants have misconstrued the law of specific performance to add the element of irreparable harm, an element the Connecticut Courts have not ever required and is not ever required when there is a violation of a restrictive covenant such as that presented here.

## II. ARGUMENT

### A. Breach Per Article 1 Of The Lease

It is not disputed that:

1. During construction there will be noise, dust and substantial changes in the traffic flow, accessibility and parking;

2. No building presently exists in the open parking lot. AvalonBay proposes to build a building completely covering the existing lot making it into a garage – albeit at grade;

3. There is present visibility of the AutoZone store and sign on the building from Cross Street, adjacent to Riverview Plaza. AvalonBay proposes to completely block that visibility by erecting its multi-story building;

4. There are five (5) drive aisles to access the open parking area from the point of ingress and egress from Belden Avenue. AvalonBay proposes to eliminate four (4) leaving only one (1) drive aisle;

5. Customers currently have unrestricted walkways from any portion of the open parking lot to the AutoZone store. AvalonBay proposes to eliminate the unrestricted access and will leave two (2) outside access ways – one (1) far away from the AutoZone store and the other in the driveway used by the cars entering the garage parking area

6. Parking is presently available immediately across from the AutoZone storefront. AvalonBay proposes to place a building where these closest parking spaces exist.

Article 1 of the Lease mandates that in the shopping center there be no substantial change in layout which would ***in any manner or to any degree***

adversely or materially affect the accessibility or visibility of AutoZone's signs or storefront. Plaintiff's Exhibit "C", JM 00339. (Emphasis added).

Here, during construction there will be substantial adverse affects including: 1) Closing and/or altering parking to engage in construction activity; 2) Changing traffic flow to accommodate construction activity; and 3) Creation of noise and dust for a substantial period of time.

After construction is completed, adverse affects will continue. Accessibility will be changed in that the drive aisles are reduced and customers will be channeled to walk where cars enter the garage parking lot in the vicinity of the AutoZone store. Visibility of the storefront will be lost from Cross Street. The AutoZone store will no longer be in a prominent location, but rather in mid-block, dwarfed by the new multi-story apartment complex and its landscaping. Parking will be under a building rather that in an open lot, will be farther from the front door, will be far less customer friendly and will be shared with an influx of residents and guests.

AvalonBay contends that the degree of the affect is in factual dispute. However, the Lease prohibits any adverse affect - "in any manner or to any degree".

AvalonBay next contends that AutoZone must demonstrate an adverse impact on its business. That contention is misplaced and fails to acknowledge the language in the Lease that the affect is not to the AutoZone business, but rather on accessibility, visibility or parking. The Lease does not require AutoZone to speculate on the deleterious affects the Proposed Development

may have on its business nor on its bottom line. The important language in the Lease clearly and carefully makes clear the issue is not a financial one. It is a restrictive covenant for the benefit of AutoZone.

Thus, the Proposed Development will have an adverse and/or material affect on accessibility, parking and visibility prohibited by the Lease for which there are no factual disputes.

**B. <u>Claim Of Unreasonably Withholding Consent</u>**

The defendants' argue that AutoZone has unreasonably withheld consent. First, AutoZone has a leasehold right to no adverse and/or material affect. Article 1 of the Lease creates a restrictive covenant on the lessor to not adversely affect accessibility, visibility or parking. Thus, if there is any adverse affect, reasonableness is demonstrated as a matter of law.

The defendants argue the extent of the affect in an attempt to create an issue of fact concerning reasonableness. Although disputed, the extent of the affect is irrelevant as long as it is adverse ***in any manner or to any degree.***

Further, summary judgment is still appropriate on the plaintiff's complaint. If the Court were inclined to find an issue of fact concerning the reasonableness of withholding of consent, it still may find the issues for the plaintiff on the complaint and withhold judgment on the prayers for relief pending a trial on the issue of reasonableness of the refusal to consent.

Fed. Rule Civ. Pro 56(d) provides for partial summary "judgment." A "partial summary judgment" is typically used to describe decisions entered under Rule 56(d) regarding matters in which no genuine issue of material fact exists.

See, e.g., Robertson v. National Basketball Ass'n, 389 F. Supp. 867, 894 (S.D.N.Y. 1975); Lichtler v. County of Orange, F. Supp. 1054, 1056 (S.D.N.Y. 1993). “The Notes [Advisory Committee on Rules] state that a partial summary ‘judgment’ is not a final judgment and so generally is not appealable, and declare that ‘the partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case.’ Notes of Advisory Committee on Rules, 1946 Amendment, Subdivision (d).” Hester Industries, Inc. v. Tyson Foods, Inc. 160 F.R.D. 15, 16 -17 (N.D.N.Y. 1995).

Here, there is no genuine issue of any material fact concerning the plaintiff’s complaint. Thus, pursuant to Fed. Rule Civ. Pro 56(d), the Court can specify that there is an adverse affect on accessibility, visibility and/or parking in and after construction of the Proposed Development. It can further order a trial limited to the issue of the reasonableness of AutoZone’s refusal to consent to the Proposed Development.

The benefit of the “partial summary judgment” is the efficiency of the court in the conduct of the trial and the removal of issues not subject to meaningful dispute.

Thus, at best, the defendants’ argument concerning the unreasonable withholding of consent is the only issue the Court should order to be tried if the Court should even determine there is a material issue of fact that will make a difference.

**C. Specific Performance Remedy**

**1. Presumption Of Remedy In Favor Of Specific Performance**

In cases involving real property, including leases, there is a presumption that specific performance should be decreed. "[S]pecific performance is the presumed remedy for the breach of an agreement to transfer real property." 71 Am. Jur. 2d Specific Performance § 133; See Also, 71 Am. Jur. 2d Specific Performance § 166; See also, 71 Am. Jur. 2d Specific Performance § 139.

The plaintiff is entitled to the presumption that the Lease, involving the restrictions against building in the surface parking lot or changing the layout and configuration of the shopping center, should be specifically enforced.

The defendants present no evidence to rebut the presumption in their motions, but simply argue that the remedy does not apply here. Since the defendants did not offer evidence to rebut the presumption, their argument should fail.

**2. Standard For Specific Performance – Irreparable Harm**

The defendants argue that the remedy of specific performance requires proof of irreparable harm. They cite to the Connecticut cases of Gager v. Gager & Peterson. LLP, 76 Conn. App. 552, 560 (2003) and Marquardt & Roche/Meditz & Hackett, Inc. v. Riverbend Exec. Ctr., Inc., 74 Conn. App. 412, 421 n.2 (2003). They posit that those cases stand for the proposition that the requirements and standards ***for an injunction*** must be met in order for a decree of specific performance to enter. The defendants conclude: "[t]hus, whether AutoZone

chooses to label its requested relief as injunctive relief, or specific performance, the analysis, and the result, are the same." AvalonBay Memorandum In Support of Partial Summary Judgment, February 1, 2005, p. 10.

Neither cited case nor any other Connecticut case supports the defendants' arguments.

The point of confusion is found in footnote 2 of the decision in Marquardt & Roche/Meditz & Hackett, Inc. v. Riverbend Exec. Ctr., Inc., 74 Conn. App. 412 (2003)("We note that the analysis is the same whether we label the relief a prohibitive injunction or specific performance."). In Marquardt, the plaintiff sought to enforce its right to parking in an area containing three (3) spaces. The defendant contended that the plaintiff suffered no irreparable harm. The Court rejected that claim and found that the plaintiff had a right to use every inch of its leased space, including the parking areas set forth in the lease. Thus, it found irreparable harm where the lessor violated an exclusive use provision in a lease. Id., 74 Conn. App. 422 – 423.

The Court was not required to consider whether the specific performance remedy could survive even in the face of a total want of proof of irreparable harm. If it had been, there would have been analysis of Connecticut precedent that the allegations for an injunction do not apply to a specific performance claim.

"Under our practice, specific performance, like other equitable relief, is not conditioned on an allegation that there is no adequate remedy at law. See Gaul v. Baker, 105 Conn. 80, 84 [1926]." Burns v. Gould, 172 Conn. 210, 214 (1977).

Defendants failed to cite this Court to those cases.

Therefore, the defendants' claim that irreparable harm must be established in order to obtain specific performance is simply wrong.

Specific performance is a separate remedy that invokes the Court's equitable powers. Thus, the defendants' attempt to inject an additional element of irreparable harm must fail.

**3. Connecticut Law Here Does Not Require Proof Of Irreparable Harm For Injunctive Relief**

Further, Connecticut law does not require proof of irreparable harm in cases involving the enforcement of a restrictive covenant.

"[T]he general rule requiring that substantial irreparable injury must threaten before an injunction will issue is subject to an exception. A restrictive covenant may be enforced by injunction without a showing that violation of the covenant will cause harm to the plaintiff, so long as such relief is not inequitable." Hartford Electric Light Co. v. Levitz, 173 Conn. 15, 22 (1977). There, Hartford Electric had an easement upon which the defendant intended to build a parking lot. When the defendant proceeded to commence construction upon the easement, Hartford Electric brought suit and the claim was made that irreparable harm was lacking, and therefore, the claim should fail. Hartford Electric Light Co. v. Levitz, Id. The Court entered an injunction and held that proof of irreparable harm was unnecessary. Id.

In Armstrong v. Leverone, 105 Conn. 464 (1927), the Court found no error in the granting of an injunction for a violation of a restrictive covenant against the business use of certain property. It stated that "(p)roof of special damage is not necessary, and if the act of the defendant transgresses the restriction it is a

violation of the rights of the plaintiffs which is not dependent upon the existence or amount of damage. Berry on Restrictions on Use of Real Property, § 413; Morrow v. Hasselman, 69 N.J.Eq. 612, 61 A. 369; Peck v. Conway, 119 Mass. 546." Armstrong v. Leverone, 105 Conn. at 472.

The court also held that any of the defendant's substantial expenditures did not make injunctive relief inequitable, because they were made with knowledge that the defendant was violating the restrictions. See Hartford Electric Light Co. v. Levitz, 173 Conn. at 20.

Similarly, the Connecticut federal district court upheld a restrictive covenant in a case involving a lease in Genovese Drug Stores, Inc. v. Bercrose Associates, 563 F.Supp. 1299 (1983). – A case remarkably similar to the facts here and a case of which this Court is familiar. In Genovese, the plaintiff sought to enforce a restrictive covenant in a lease. The covenant prohibited the landlord from leasing any portion of the shopping center to "drive-ins known as 'Foto-Mat.'" The plaintiff/tenant occupied an in-line space in a shopping center. The defendant/landlord intended to lease a kiosk to Foto-Mat. Genovese brought suit claiming the benefits of the restrictive covenant. The Court entered the injunction against the defendant and identified that the standard when enforcing a restrictive covenant did not require a finding of irreparable harm. Genovese Drug Stores, Inc., 563 F.Supp. at 1304.

The defendants failed to cite this Court to those cases.

Here, the restrictive covenants, of which AvalonBay admits having full knowledge, contained in the Lease are enforceable without any proof of irreparable harm. The defendants' claims to the contrary are misplaced.

**4. Irreparable Harm Exists Where Damages Are Difficult To Prove**

Here, damages are difficult to prove since it involves a situation never encountered. Even if attempted, effective defenses would exist claiming issues of competition, economy, market conditions and other factors beyond anybody's control.

Where damages are difficult to prove, irreparable harm has been found to exist. The Second Circuit has recognized that even in situations where damages are available, irreparable harm may be found if damages are "clearly difficult to assess and measure." Aeronautical Indus. Dist. Lodge 91 of Intern. Ass'n of Machinists and Aerospace Workers, AFL-CIO v. United Technologies Corp., 87 F. Supp.2d 116, 134 (D.Conn. 2000); Danielson v. Local 275, Laborers International Union of North America, 479 F.2d 1033, 1037 (2nd Cir. 1973); See Also, Gulf & Western Corporation v. Craftique Productions, Inc., 523 F.Supp. 603 (1981); Niagara Mohawk Power Corp. v. Graver Tank & Manufacturing Co., 470 F.Supp. 1308, 1327-28 (N.D.N.Y.1979); Miller Brewing Co. v. Carling O'Keefe Breweries of Canada, Ltd., 452 F.Supp. 429, 438 (W.D.N.Y.1978).

Here, the proof shows that the placement of a building in front of the AutoZone store and in the open parking lot have an adverse affect on visibility, accessibility and parking both during and after construction. The Proposed Development will add a covered garage to the existing open parking area.

The intangible factors confronting AutoZone are the extent to which the store's growth will be stunted and the attractiveness to customers to frequent the store. Market penetration may be diminished; the well-known real estate adage of "location, location, location" will be lost. The competitive advantage AutoZone enjoys as the only major auto parts retailer in the immediate vicinity will be lost. Goodwill may be lost. As a result, the damage to AutoZone if the Proposed Development is built makes the harm difficult to identify and quantify.

## III. CONCLUSION

For the reasons expressed, the plaintiff's motion for summary judgment should be granted in whole or in part.

**THE PLAINTIFF**
**ADAP, INC. D/B/A AUTOZONE**

By:______________________________

Bruce L. Elstein, Esq.
Elstein and Elstein, P.C.
1087 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 367-4421
Facsimile: (203) 366-8615
Fed. Bar No. ct 01250
Email: belstein@snet.net

**CERTIFICATION**

This is to certify that a copy of the foregoing has on March 4, 2005 been sent to:

Joseph Hammer, Esq.
Day, Berry & Howard, LLP
City Place 1
Hartford, CT 06103-3499
Attorney for the defendant, AvalonBay Communities, Inc.

Andrew Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103
Attorney for the defendant, Ritz Realty Corp.

______________________________
Bruce L. Elstein

\\Server\Common\AUTOZONE\Adap v. Ritz(Avalon)\MFSJ\MFSJ - Memo in support.doc