<u>**UNITED STATES DISTRICT COURT**</u>

<u>**DISTRICT OF CONNECTICUT**</u>

| | | |
|---|---|---|
| ADAP, INC. | : | CASE NO. 3:03 CV 350 (MRK) |
| VS. | : | |
| RITZ REALTY CORP., | : | |
| AVALON BAY COMMUNITIES, INC. | : | APRIL 1, 2005 |

<u>**PLAINTIFF'S LOCAL RULE 56(A)2 STATEMENT**</u>

In opposition to the defendants' Motions for Partial Summary Judgment, the plaintiff hereby submits this statement pursuant to Local Rule 56(a)(2):

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted except that the Leased Premises is located in the southwest portion of the ***existing building*** upon the Leased Premises.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. Commercial sales are not run independently of retail sales. Commercial sales are carried out in an existing retail store as an incremental business to the retail operation. See defendant's Exhibit "L" (Oliphant Depo.) at 112:8 - 23 and 114:14 - 24.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied. AvalonBay contracted with Ritz to purchase the *entire* surface parking lot. See plaintiff's Exhibit "D", RR0005, Paragraph 1(b).

24. Admitted.

25. Denied. The Development Plan calls for the construction of a multi-story building over the entire existing surface parking lot which will commence at grade with retail space and a covered garage for parking and several stories of apartments above. See plaintiff's Exhibit "A", PK0055, PK0059 and PK0062 (Cross Street Elevation and Belden Ave. Elevation).

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. It is admitted that the instant litigation was commenced as alleged but the allegations thereof are contained within a written document which speaks for itself. In addition, the plaintiff admits that it is claimed in the complaint that the Development Plan would breach the Lease as set forth in Paragraph 41 thereof. For the balance of the allegations in this paragraph, the defendants have failed to specify a particular paragraph by page as required by Local Rule 56(a)(3).

31. Admitted.

32. Admitted. However, the complaint also sought a decree for specific performance and a declaratory judgment. See defendant's Exhibit "M", P.11.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. It is admitted that the amended complaint removed the claim for damages. The plaintiff denies any characterization as set forth in Paragraph 39.

40. Denied. Paragraph 41, recited by the defendants to support this allegation, reads as follows:

    "41.   If the Proposed Development is allowed to proceed, ADAP will suffer irreparable harm including, but not limited to, loss of convenient parking, loss of access from common areas, loss of visibility, business interruption and disruption during construction and inability to load and unload deliveries of goods, particularly during construction."

    Paragraph 42 of the complaint reads as follows:

    "42.  ADAP lacks an adequate remedy at law for reasons including, but not limited to, inability to use and enjoy the Leased Premises as set forth in the Lease."

    See Amended Complaint Paragraphs 41 and 42 at pages 9 - 10.

41. Admitted.

42. Admitted.

43. Denied. The plaintiff filed an objection, in part, to the Rule 30(b)(6) Notice of Deposition. The basis of the objections were that many witnesses had already testified on such issues, and thus, was duplicative and may be the subject of expert testimony that had not yet been disclosed.[1]  Defendant's Rule 30(b)(6) Notice of Deposition (Exhibit 1); and the plaintiff's designation to Rule 30(b)(6) Notice (Exhibit 2); McClain deposition, 91:5 – 92:16 (Exhibit 3); McKee deposition 86:1 – 91:25; 101:18 – 102:20; 167:4 – 170:13 (Exhibit 4); Oliphant fact deposition, 181:24 – 183:7 and 185:1 – 9 (Exhibit 5); Oliphant expert deposition, 23:14 – 25:25 (Exhibit 6); Affidavit of

---

[1] Alex Oliphant, an AutoZone employee, was disclosed as an expert and subsequently deposed as such.

       Robert Blank dated January 27, 2005 and Report (Exhibit "I") Opinions 2 and 3.

44. Denied. The plaintiff incorporates its response to No. 43 above.

45. Admitted.

46. Denied. See response to No. 43 above. In particular, Terry McKee testified that the impact was known immediately to the members of the AutoZone real estate committee. He testified as follows:

> Q. To the best of your recollection, I am not holding you to specific words, what did you convey in terms of what you perceived as the negative aspects of the development on the store?
>
> A. Well, again, I think it's obvious to everyone on the AutoZone side that your visibility is vastly diminished, your impact to the street is vastly diminished, your convenience from a parking perspective is vastly diminished, your accessibility across that parking lot is vastly -- it's just everything, all the characteristics we talked about earlier in our discussion are all now potentially – and I use the word "potential" because it could still happen, but potentially very detrimental to the store.
> It's the worst case – worst potential case that I had seen. I had seen somebody try to build a Dunkin' Donuts in front of us before, but I never saw a three- or four-story apartment complex.

McKee, 91: - 92:3.

47. Admitted.

48. It is admitted that the math can be conducted, but the remainder and implication of this paragraph is denied in that such a claim would be met with varying defenses including market conditions, competition, the economy, etc. Oliphant fact deposition, 188:8 – 189:2. Mr. Oliphant further testified that there were no means for AutoZone to quantify and analyze the

        potential impact on sales to the AutoZone store in Norwalk if the development were to be built. Oliphant fact deposition, 185:3 – 9.

49. Admitted.

50. Admitted.

51. Admitted.

**Disputed Issues Of Material Fact**

1. The Development Plan involves only a portion of the surface parking lot.

    a. AvalonBay contends that it contracted with Ritz to purchase only a portion of the surface parking lot.

    b. AutoZone contends that AvalonBay contracted with Ritz to purchase the *entire* surface parking lot.

2. The Development Plan calls for the construction of multi story buildings *over* the surface parking lot.

    a. AvalonBay contends that the construction of multi story buildings will be over the surface parking lot.

    b. AutoZone contends that the construction of multi story buildings will commence at grade with retail space and a covered garage for parking and several stories of apartments above.

3. The plaintiff will not suffer irreparable harm if the Proposed Development is built.

    a. AvalonBay contends that certain witnesses have not testified to such harm.

b.     AutoZone contends that those witnesses at other points in the depositions and many other witnesses, including two (2) experts, have testified to irreparable harm.

**THE PLAINTIFF
ADAP, INC. D/B/A AUTOZONE**

By:_____
David C. Grimes, Esq.
Elstein and Elstein, P.C.
1087 Broad Street
Bridgeport, Connecticut 06604
Telephone: (203) 367-4421
Facsimile:  (203) 366-8615
Fed. Bar No.  ct25630

**CERTIFICATION**

This is to certify that a copy of the foregoing has on APRIL 1, 2005 been sent to:

Joseph Hammer, Esq.
Day, Berry & Howard, LLP
City Place 1
Hartford, CT  06103-3499
    Attorney for the defendant, AvalonBay Communities, Inc.

Andrew Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT  06103
    Attorney for the defendant, Ritz Realty Corp.

_____
David C. Grimes

Z:\AUTOZONE\Adap v. Ritz(Avalon)\Mot for Summ Judg\Plain Local Rule 56(a).doc