# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAP, INC. | : | CASE NO. 3:03 CV 350 (MRK) |
| VS. | : | |
| RITZ REALTY CORP. AND | : | |
| AVALON BAY COMMUNITIES, INC. | : | APRIL 1, 2005 |

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The plaintiff hereby submits this memorandum in support of its objection to the defendants' motions for partial summary judgment.

**I.     INTRODUCTION**

The defendants move for partial summary judgment contending that the plaintiff cannot obtain specific performance of its lease nor can it obtain injunctive relief because it is unable, as a matter of law, to prove irreparable harm since this is a commercial case.

AutoZone contends that the defendants have misconstrued the law of specific performance to add the element of irreparable harm, an element the Connecticut Courts have not ever required.

With regard to the claim for injunctive relief, Connecticut law does not require proof of irreparable harm in the enforcement of a restrictive covenant such as that presented here.

If required, there is an issue of material fact concerning irreparable harm.

1

Finally, the law supports a finding of irreparable harm when the potential damages are difficult or impossible to determine which is the case here.

## II.   FACTS

The plaintiff incorporates the facts set forth in its motion for summary judgment dated February 1, 2005 and Local Rule 56(a)(1) and (2) Statements.

There is a genuine issue of fact concerning the existence of irreparable harm.

## III.   ARGUMENT

The plaintiff incorporates the argument set forth in its memorandum in support of its motion for summary judgment dated February 1, 2005.

The plaintiff further incorporates the arguments set forth in part II of its memorandum in reply to the defendants' opposition to the plaintiff's motion for summary judgment dated March 4, 2005.

### A.   Proof Of Irreparable Harm Does Exist

Assuming that proof of irreparable harm is necessary, there is a genuine issue of fact concerning it that needs to be tried.

#### 1.   The Big Company

Defendants' first argue that a big company making lots of sales and profit can never be harmed by the closing of one (1) store. The fallacy of that argument is the slippery slope it creates. What if the plaintiff were a "mom and pop" shop? Is that lease more enforceable than the plaintiff's? What if many landlords across the country all made that argument against the big company.

How many stores would need to be closed before irreparable harm is found? Why is the character of the plaintiff the determining factor rather than the nature of the Lease and the attempts by the landlord to breach? What if, as here, the parties are both "big". It is interesting that a company as large as AvalonBay advances that argument. A quick check of its website discloses it too suffers from the same affliction as AutoZone.

AutoZone has made its profits through hard work and business acumen. It has secured what it considers to be superior operating sites using a formula concerning location, visibility and accessibility that has proven to give it a competitive advantage. It is a specious claim to make that the loss of a store is only about the money. It implicates market penetration, saturation and good will.

There will be ample proof that the loss of any dollar (or even the loss of the growth anticipated) is harm to AutoZone.

## 2. Proof Of Irreparable Harm

Many deponents testified concerning irreparable harm. In particular, Terry McKee, James McClain and the expert depositions of Robert Blank and Alex Oliphant provide further support for the potential impacts of the proposed development on the Norwalk AutoZone store. See Exhibit 3, 91:5 – 92:16; Exhibit 4, 86:1 – 91:25; 101:18 – 102:20; 167:4 – 170:13, Exhibit 5, 181:24 – 183:7 and 185:1 – 9; Exhibit 6, 23:14 – 25:25; Affidavit of Robert Blank dated January 27, 2005 and Report (Exhibit "I") Opinions 2 and 3.

In particular, Mr. Oliphant was subsequently disclosed and deposed as an expert. During his expert deposition, he testified as follows:

> Q. I guess what I'd like you to do first is express what those opinions are, whether there's one or ten, however many, just state them for us, describe them and then we will go back and ask more detailed questions in terms of how you arrived at them, but I would just initially like you to articulate what those opinions are, what the various points are.
>
> A. I think the main points are going to be ingress egress into the site; parking -- convenience of the parking to the site; convenience to the customer from the proposed parking to the site; visibility to the site from Cross Street as well as Belden.
>
> Q. Is there anything else in terms of the opinions themselves or does that cover all of them?
>
> A. I think those are the high level, yes.

Exhibit 6, 24:14 – 25:6.

Robert Blank, an experienced commercial sales agent in primarily retail real estate matters, opined in his report as follows:

- The proposed AvalonBay development will negatively and adversely affect the desirability for AutoZone customers to frequent its store on account of reduced accessibility, visibility and convenient parking;

**Basis and Reasons:** The benefit of the endcap location will be diminished on account of the placement of a building adjacent to the store. The desirability of parking will be diminished in at least the following ways: No open field, obstructed parking, lack of convenient access to parking areas, lack of convenient access to the store from the parking areas.

Visibility will be significantly diminished in that a large building will be placed where the open parking field presently exists. The atmosphere of the shopping center will be altered in style and appearance affecting the desirability to a convenience auto parts retailer.

- The existing retail in which the AutoZone store exists will be made less desirable to retailers such as AutoZone if the AvalonBay development is constructed.

**Basis and Reasons:** In addition to the above, the atmosphere of the shopping center will be altered in style and appearance affecting the desirability to a convenience auto parts retailer.

Plaintiff's Exhibit "I", second to last page.

Thus, there is sufficient proof to demonstrate a genuine issue of material fact concerning irreparable harm.

## IV. CONCLUSION

For the reasons expressed, the defendants' motions for partial summary judgment should be denied.

                                      **THE PLAINTIFF**
                                      **ADAP, INC. D/B/A AUTOZONE**

                                    By:_____
                                         David C. Grimes, Esq.
                                         Elstein and Elstein, P.C.
                                         1087 Broad Street
                                         Bridgeport, Connecticut 06604
                                         Telephone: (203) 367-4421
                                         Facsimile: (203) 366-8615
                                         Fed. Bar No. ct25630

## **C E R T I F I C A T I O N**

This is to certify that a copy of the foregoing has on APRIL 1, 2005 been sent to:

Joseph Hammer, Esq.
Day, Berry & Howard, LLP
City Place 1
Hartford, CT 06103-3499
    Attorney for the defendant, AvalonBay Communities, Inc.

Andrew Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103
    Attorney for the defendant, Ritz Realty Corp.

                                           _____
                                           David C. Grimes