UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ADAP, INC. D/B/A AUTOZONE<br>    Plaintiff, | : | CASE NO. 3:03cv350 (MRK) |
| vs. | : | |
| RITZ REALTY CORP. AND<br>AVALONBAY COMMUNITIES, INC.<br>    Defendants. | : | APRIL 18, 2005 |

### DEFENDANT RITZ REALTY'S REPLY MEMO TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The exchange of pleadings in connection with the cross-motions for summary judgment demonstrates the fallacy of Plaintiff's claims for specific performance. Read as a whole, the operative article of the Lease contains no obligation that Defendant Ritz could be required to perform. To the contrary, the only performance contemplated in Lease Article I is the obligation on AutoZone's part to grant consent to Ritz's proposed changes.

AutoZone's pleadings demonstrate that Plaintiff is actually seeking injunctive relief as distinct from specific performance. It wants to enjoin the Defendants from their proposed development. Plaintiff relabels this as a claim for specific performance only by discarding portions of the Lease and by ignoring the fact that AvalonBay is not a party to the Lease.

According to Plaintiff, "The Lease prohibits any development of Riverview Plaza that, **in any manner or to any degree,** adversely or materially affects accessibility, parking or

visibility." Plaintiff's Reply Memo 1-2 (Plaintiff's emphasis).[1] However, the Lease language is not so unequivocal. As to development that affects parking, it contains no prohibition. Instead, it provides assurances that fifteen spaces will be reserved for Plaintiff if overall parking is reduced by 35 percent of more. As to accessibility and visibility, Lease Article 1 provides in pertinent part:

> Landlord agrees that there shall be no change whatever in the location, shape or dimensions of the premises hereby demised, and no substantial change in the Shopping Center layout which would in any manner or to any degree adversely or materially affect the accessibility to the leased premises from the parking areas or the visibility of Tenant's signs or storefront, ***without Tenant's prior written consent in each instance, which consent shall not be unreasonably withheld***. Landlord further agrees not to place any free-standing buildings, kiosks, planters, trees, shrubs, stairs or other obstructions any place in front of the leased premises so as to affect the accessibility to or the visibility of the leased premises ***without first obtaining Tenant's written consent, which consent shall not be unreasonably withheld or delayed***.

Lease Article I (emphasis added).

Plaintiff claims it is seeking specific performance of the prohibitions on Ritz, yet it ignores the highlighted language that imposes a reciprocal limitation on Plaintiff not to withhold consent unreasonably. Specific performance is available only where the matter to be performed is clear and certain. "To be specifically enforceable, a contract must be 'fair, equitable, *certain*

---

[1] Plaintiff's Reply to Defendants' Opposition to Motion for Summary Judgment is incorporated by reference in Plaintiff's Memorandum in Support of Objection to Defendant's Motion for Summary Judgment.

-2-

and mutual, consistent with policy and made on good consideration.'" Burns v. Gould, 172 Conn. 210, 214 (Conn. 1977)(emphasis added).

This principle focuses attention on those Lease terms that are certain. The only *performance* contemplated by Article I is AutoZone's obligation to perform by granting consent. Ritz has no performance obligation under the Article except the implied obligation to show AutoZone its development plans and the explicit obligation to seek its consent before taking any of the steps to which AutoZone could object. Ritz indisputably has disclosed the AvalonBay plans to AutoZone. No further performance can be specifically performed by Ritz under Article I. If the specific performance tool has any application to Article I, it could be employed by Ritz to obtain an order that AutoZone grant consent, but it cannot be legitimately employed by AutoZone.

What AutoZone seeks is not specific performance of a Lease term but an order enjoining the proposed development. Seen in this light, it is apparent that AutoZone must satisfy the standard requirements of proof of irreparable harm in order to get injunctive relief. It cannot do so, as previously asserted by Defendants.

Accordingly, Defendants' motions for summary judgment should be granted; Plaintiff's motion should be denied; and the case should be set down for trial at the earliest possible date on the remaining issues in the case.

DEFENDANT RITZ REALTY CORP.

By: _____
Andrew Houlding, Esq. (CT12137)
Rome McGuigan, P.C.
One State Street, 13th Floor
Hartford, CT  06103
Phone:  (860) 493-3468
Fax:  (860) 724-3921
ahoulding@rms-law.com
Its attorneys

## CERTIFICATION

This is to certify that a copy of the foregoing Reply Memo to Plaintiff's Opposition to Defendants' Motion for Summary Judgment has been sent via first class mail on this 18th day of April 2005 to the following counsel of record:

Joseph Hammer, Esq.
Day, Berry & Howard, LLP
City Place One
Hartford, CT  06103

Bruce L. Elstein, Esq.
Elstein and Elstein, P.C.
1087 Broad Street
Bridgeport, CT  06604

_____
Andrew Houlding

9202-4/396339