UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAP, INC. | : CASE NO. 303CV350(MRK) |
| | : |
| | : |
| VS. | : |
| | : |
| RITZ REALTY CORP. and | : |
| AVALONBAY COMMUNITIES, INC. | : APRIL 18, 2005 |

**DEFENDANT AVALONBAY COMMUNITIES, INC.'S REPLY BRIEF
IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.   INTRODUCTION**

Plaintiff ADAP, Inc. (d/b/a AutoZone) ("AutoZone"), does not challenge the authorities cited by defendant AvalonBay Communities, Inc. ("AvalonBay"), which hold that, as a matter of law, irreparable harm does not result from breach of a commercial contract, such as a commercial lease, unless the breach seriously threatens the party's business viability.  AutoZone likewise does not dispute that the proposed development poses no threat to the viability of AutoZone's multibillion dollar business.  Rather, AutoZone seeks refuge in the remedy of specific performance, claiming that this equitable remedy does not require proof of irreparable harm.  Specific performance, however, like an injunction, may not issue without a finding of both irreparable harm, and the lack of an adequate remedy at law.  Neither exists in this case.

**II.   ARGUMENT**

    **A.   AutoZone Must Prove Irreparable Harm and Lack of an Adequate Remedy at Law**

"It is well established that 'to obtain a permanent injunction a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" Doe v. Bridgeport Police Dep't, 198 F.R.D. 325, 334 (D. Conn. 2001) (quoting N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989)); see also AvalonBay Cmtys. v. Orange,

256 Conn. 557, 566, 775 A.2d 284 (2001) ("A party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law."). Likewise, "specific performance will be denied when . . . the legal remedy is regarded as adequate or the plaintiff is not subjected to irreparable harm by the breach." Marquardt & Roche/Meditz & Hackett, Inc. v. Riverbend Exec. Ctr., Inc., 74 Conn. App. 412, 421 n.2, 812 A.2d 175 (2003) (quoting 3 D. DOBBS, LAW OF REMEDIES (2d ed. 1993) § 12.8(1), pp. 190-91). The threshold requirements for obtaining an injunction or specific performance are thus the same. Id. This is not surprising. "The specific performance remedy is a form of injunctive decree in which the court orders the defendant to perform the contract . . . ." Marquardt, 74 Conn. App. at 421 n.2 (quoting DOBBS, supra).

AutoZone attempts to dismiss Marquardt by claiming its holding results from an alleged "point of confusion" about the law of specific performance, but AutoZone concedes, as it must, that the Marquardt court found irreparable injury and expressed that the requirement existed for both injunctive relief and for specific performance. (See Pl.'s Reply to Defs.' Opp'n to Mot. for Summ. J. ("Plaintiff's Reply"), at p. 8.) As the most recent pronouncement from an appellate court in Connecticut of the state law requirements for obtaining specific performance, made in the similar context of a lease dispute regarding provisions entitling the plaintiff-tenant to the exclusive use of a parking area, Marquardt is binding on this Court. Middle Atl. Utils. Co. v. S.M.W. Dev. Corp., 392 F.2d 380, 384 (2d Cir. 1968). A federal court can rely upon an earlier state supreme court case only if there is persuasive evidence that the highest state court would reach a conclusion different than that of the intermediate court. See Grand Light & Supply Co. v. Honeywell, Inc., 771 F.2d 672, 678 (2d Cir. 1985).

AutoZone claims that Marquardt did not analyze Connecticut precedent in which a total lack of irreparable harm existed, but cites no persuasive evidence that the Connecticut Supreme Court would reach a conclusion different than Marquardt. AutoZone seizes upon those few distinct situations in which a plaintiff's legal remedy has been presumed to be inadequate, as if they presented the general rule. The fatal flaw in AutoZone's argument, however, is that the cases upon which AutoZone relies involve vastly different facts and are therefore inapposite.

The case of Hartford Electric Light Company v. Levitz, 173 Conn. 15, 376 A.2d 381 (1977), involved the enforcement of a *utility easement supporting electric transmission and distribution lines* that prohibited the property owner from building on the easement without the utility's permission. Id. at 17. Burns v. Gould, 172 Conn. 210, 374 A.2d 193 (1977), involved *the transfer of the stock of a closely held corporation*. Id. at 214. The case of Armstrong v. Leverone, 105 Conn. 464, 136 A. 71 (1927), concerned *the enforcement of recorded common deed restrictions* prohibiting commercial use included by a developer-grantor as part of a general scheme of residential development in deeds conveying lots from a common parcel to multiple purchasers, and upon which neighboring purchasers-lot owners relied. Id. at 469-70.

None of these authorities hold that specific performance is appropriate when the plaintiff *has* an adequate remedy at law. Indeed, in Burns, the Court emphasized that contracts generally are "not specifically enforceable because damages will suffice." Burns, 172 Conn. at 214

(emphasis added).[1]  Rather, in these specific contexts, the plaintiffs were not required to make "a showing", "an *allegation*", or to show "proof" of irreparable harm and/or lack of an adequate remedy at law, because it could be fairly presumed under the circumstances of those cases as a matter of law.  Hartford Electric, 173 Conn. at 22; Burns, 172 Conn. at 214 (emphasis in original); Armstrong, 105 Conn. at 472, respectively; see also Manley v. Pfeiffer, 176 Conn. 540, 544-45, 409 A.2d 1009 (1979) (interpreting Hartford Electric as not requiring a showing of irreparable harm in circumstances involving a restrictive covenant arising in connection with a conveyance of property in fee or with a conveyance of an easement), rev'd on other grounds, Mannweiler v. LaFlamme, 232 Conn. 27, 35 n.10, 53 A.2d 168 (1995).

The would-be purchaser who holds a contract or an option to buy land, for example, "seldom needs to make an argument that the damage remedy is inadequate, because land is assumed to have special value not replaceable in money, each parcel being unique."  DOBBS, supra, § 12.11(3), p. 299.  While an option to buy land presumptively cannot be remedied through money damages, even this presumption can be rebutted when the purchaser's motive in making the contract was to buy the land for investment without any subjective attachment to it.  See id. at pp. 300-01.  This is consistent with the view of the courts in United Retail, Inc. v. Main Street Mall Corp., 903 F. Supp. 12, 13 (S.D.N.Y. 1995), USA Network v. Jones Intercable, Inc., 704 F. Supp. 488, 489-90 (S.D.N.Y. 1989); Optivision, Inc. v. Syracuse Shopping Center

---

[1] Gaul v. Baker, 105 Conn. 80 134 A. 250 (1926), cited by Burns for the proposition that "equitable relief is not conditioned on an *allegation* that there is no adequate remedy at law" is not to the contrary.  Burns, 172 Conn. at 214 (emphasis original); Plaintiff's Reply, at p. 8.  The Connecticut Supreme Court observed in Gaul that "[e]ven in those complaints seeking purely equitable relief" *in an action to quiet title*, an allegation of lack of an adequate remedy at law was not required in order to state a claim.  105 Conn. at 84.  C.f. Theurkauf v. Miller, 153 Conn. 159, 161 (1965) ("Since the extraordinary remedy of relief by way of an equitable injunction is the specific relief claimed, it was incumbent upon the plaintiffs not only to allege their irreparable damage and lack of an adequate remedy at law, as they have done, but to prove it.").

Associates, 472 F. Supp. 665, 685-86 (N.D.N.Y. 1979), and Litho Prestige v. News America Publishing, Inc., 652 F. Supp. 804, 807 (S.D.N.Y. 1986), that damages are adequate when the alleged harm arising from a prospective breach of lease or other contract pertains to a relatively discrete commercial activity of a larger entity – such as retail operations at one of numerous locations.

This case, in contrast to the authorities on which AutoZone relies, does not concern the kinds of alleged harm in which courts have presumed that the plaintiff lacks an adequate remedy at law. Indeed, AutoZone has not cited a single decision which has presumed that compensatory damages were inadequate to remedy the alleged breach of a commercial lease term similar to the one involved in this dispute. None of the Connecticut authorities relied upon by AutoZone even involve a commercial lease. In fact, in Marquardt, a case which does involve the enforcement of a commercial lease provision, the court expressed the need to establish irreparable harm and the lack of an adequate remedy at law. In addition, the district courts in United Retail and Optivision held that money damages were sufficient on facts strikingly similar to those alleged in this case.

Moreover, Marquardt applies the general rule, and therefore AutoZone is not able to show persuasive evidence that Connecticut's highest court would reach a conclusion different than that of the Appellate Court in Marquardt. In framing the equitable remedy of specific performance, Connecticut's highest court held:

> The universal test of the jurisdiction of a court of equity to restrain the breach of a contract is the inadequacy of the legal remedy of damages. An injunction to prevent the breach of a contract is a negative specific enforcement of that contract. And the jurisdiction of equity to grant such an injunction is substantially coincident with its jurisdiction to compel a specific performance by an affirmative decree. In either case a court of equity cannot exercise jurisdiction unless the injury apprehended from a violation of the contract is of such a nature as not to be susceptible of adequate damages at law.

Dills v. Doebler, 62 Conn. 366, 368, 26 A. 398 (1892) (citing POMEROY'S EQ. JUR., § 1341; HIGH ON INJUNCTIONS, § 695; Morris Canal & Banking Co. v. Soc'y for Mfrs., 5 N.J. Eq. 203; Akrill v. Selden, 1 Barb. 316). The common law requirements of specific performance are the same. See 71 AM. JUR. 2D *Specific Performance* § 8, p. 20 (1973) ("The fundamental rule of equity jurisprudence that the jurisdiction of a court of equity depends upon the absence of a plain, adequate, and complete remedy at law is an essential and determining factor in establishing the jurisdiction of equity to decree specific performance of contracts."). "The stated rule requires plaintiffs seeking specific performance to show that such an extraordinary and discretionary remedy is justified because the relief at law is inadequate or that without such a remedy, they would be irreparably harmed." DOBBS, supra, § 12.11(3), p. 299; see also, e.g., Leasco Corp. v. Taussig, 473 F.2d 777, 786 (2d Cir. 1972) ("Before specific performance may be ordered, remedies at law first should be determined to be incomplete and inadequate to accomplish substantial justice.") (citing Erie R. Co. v. City of Buffalo, 180 N.Y. 192, 73 N.E. 26 (1904); 11 WILLISTON ON CONTRACTS § 1418 (3d ed. 1968)).

AutoZone also seeks to avoid the general rule by likening this dispute to the kinds of restrictive covenants that courts have enforced through injunctions, citing Genovese Drug Stores, Inc. v. Bercrose Associates, 563 F. Supp. 1299 (D. Conn. 1983) ("Genovese I"). (See Pl.'s Reply, at p. 10).[2] AutoZone asserts that Genovese I is compelling. AutoZone neglects to mention, however, that the injunction that the district court entered in Genovese I was vacated by the Court of Appeals in Genovese Drug Stores, Inc. v. Connecticut Packing Co., 732 F.2d 286 (2d Cir. 1984) ("Genovese II").

---

[2] Plaintiff's Memorandum in Support of Objection to Defendants' Motion for Summary Judgment ("Plaintiff's Memorandum") incorporates by reference the arguments set forth in part II of Plaintiff's Reply.

The federal district court in Genovese I enjoined a shopping center landlord from leasing a kiosk to a third-party, Fotomat, based on an anti-competitive restrictive covenant between the landlord and its drug store tenant. Although AutoZone frames Genovese I as if the district court excused proof of irreparable harm and lack of an adequate remedy at law, the district court expressly found during its discussion of Hartford Electric that the plaintiff *had* "demonstrated a significant threat of possible irreparable harm that it would suffer if a preliminary injunction is not granted." 563 F. Supp. at 1304.

In the process of vacating Genovese I on other grounds, the Second Circuit "pause[d] to comment upon" the district court's reliance "upon [Hartford Electric] for the proposition that 'an action for the enforcement of a restrictive covenant is an exception to the general rule that substantive irreparable injury must threaten before an injunction will issue.'" Genovese II, 732 F. 2d at 288, n.1 (quoting Genovese I, 563 F. Supp. at 1304).[3] The Second Circuit remarked that regardless of whether a federal court sitting in diversity "must look to state law to determine whether a party is entitled to equitable remedial rights", irreparable injury must be shown before a federal court can issue a preliminary injunction. Id. (citation omitted).[4]  AutoZone cites no authority excusing a party in federal court from satisfying the federal requirements of lack of an adequate remedy at law and irreparable harm, in order for the court to have jurisdiction to issue

---

[3] The Second Circuit expressly declined to express any view as to whether "even if federal law establishes an irreparable injury requirement for a district court's grant of a preliminary injunction, state law supplies the standard in a diversity case for determining whether a threatened injury is irreparable; nor [to] express any view on the Connecticut standard." Genovese II, 732 F. 2d at 288, n.1.

[4] Although the Second Circuit confronted this issue in the context of a preliminary injunction, the Court's remarks extend to permanent injunctions as well, because "[i]t is well-established that 'to obtain a permanent injunction a party must show the absence of an adequate remedy at law and irreparable harm if the relief is not granted.'" Doe v. Bridgeport Police Dep't, 198 F.R.D. 325, 334 (D. Conn. 2001) (quoting N.Y. State Nat'l Org. for Women v. Terry, 886 F.2d 1339, 1362 (2d Cir. 1989)).

an injunctive decree. None of the Connecticut state law decisions relied upon by AutoZone can excuse these requirements. See Genovese II, 732 F. 2d at 288, n.1; Doe, 198 F.R.D. at 334.

Lastly, AutoZone attempts to test the issue by posing a rhetorical "slippery slope" question. Yet, it is AutoZone's conjecture that is untenable. AutoZone would have the federal courts oversee the enforcement of commercial leases and intervene with enforcement orders whenever a contract provision might potentially be breached. Such a result would require continuing, burdensome court supervision whenever a party to a commercial lease claims a breach, even of the most minor lease provision. See Bethlehem Eng'g Exp. Co. v. Christie, 105 F.2d 933, 935 (2d Cir. 1939) (injunctive relief to enforce contract is not proper when it would require the court to undertake continuing supervision). It is for this very reason that courts require that such parties demonstrate irreparable harm and the lack of an adequate remedy at law as threshold issues, before the courts will weigh the merits of whether specific performance or other injunctive relief should be granted.

**B.     Any Harm AutoZone May Suffer Will Not Be Irreparable and AutoZone Has an Adequate Remedy at Law**

AutoZone admits the only facts that are material to AvalonBay's argument. Those facts establish that AutoZone's overall business viability is not threatened by the proposed development. See Pl.'s Local Rule 56(a)(2) Statement at ¶¶ 3-6, 13-14, 16-19. Moreover, such facts further establish that if AutoZone's Norwalk sales decrease to any degree after the development is built, than such decrease will be readily identifiable, rendering AutoZone's legal remedy wholly adequate. See Pl.'s Local Rule 56(a)(2) Statement at ¶¶ 47-51; AvalonBay's Mem. of Law in Support of Mot. for Partial Summ. J. at 16-18; see also Optivision, Inc. v. Syracuse Shopping Ctr. Assocs., 472 F. Supp. 665, 685 (N.D.N.Y. 1979). AutoZone's argument that such damages are difficult to prove not only has no basis in fact, it is contradicted by the

testimony of AutoZone's own employees. See AvalonBay's Mem. of Law in Supp. of Mot. for Partial Summ. J. at 16-18. Alex Oliphant, for example, attested to AutoZone's ability to detect and measure changes in sales and profit levels at individual stores and described how the company is even capable of quantifying a decrease in anticipated sales growth which may result from the development. See AvalonBay's Local Rule 56(a)(1) Statement at ¶¶ 47-51. Furthermore, AutoZone does not contest that even the total loss of its Norwalk store poses no threat to the viability of AutoZone's 3,500 store $5.5 billion operation.

In arguing irreparable harm, AutoZone does no more than repeat its allegations as to how business at the Norwalk store will be affected by AvalonBay's plan to develop Riverview Plaza, and the purported impact on parking, visibility and accessibility. These allegations, in addition to being wholly speculative and having no factual support, are irrelevant to the question of whether AutoZone's entire business is jeopardized by the purported breach. Likewise, AutoZone's conclusory allegations that it will lose "market penetration, saturation and goodwill" are irrelevant and wholly unsupported. See Pl.'s Mem. in Supp. of Objection to Defs. Mot. for Summ. J. at 3. AutoZone presents no proof of any such impacts, let alone that the development poses a danger to the viability of AutoZone. Because AutoZone's business viability is not threatened, AutoZone has an adequate remedy at law for any monetary damages it *allegedly* may suffer at its Norwalk store.

### III.    CONCLUSION

For all of the foregoing reason, and for the reasons stated in AvalonBay's Memorandum of Law in Support of Its Motion for Partial Summary Judgment, AvalonBay respectfully requests that the Court grant its Motion for Partial Summary Judgment.

                                                      DEFENDANT,
                                                      AVALONBAY COMMUNITIES, INC.


By     /s/   *Joseph L. Hammer*
        Joseph L. Hammer (ct00446)
        David M. Bizar (ct20444)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, CT 06103-3499
        Tel: (860) 275-0100
        Fax: (860) 275-0343
        E-mail: jlhammer@dbh.com
                 dmbizar@dbh.com

## **CERTIFICATION**

      THIS IS TO CERTIFY that a copy of the foregoing was sent this 18th day of April, 2005, via first class mail, postage prepaid to:

Bruce L. Elstein, Esq.
Elstein & Elstein
1087 Broad Street
Bridgeport, CT 06604-4294
Phone: (203) 367-4421
Fax:    (203) 366-8615


Andrew L. Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT 06103-3101
Phone: (860) 493-3468
Fax:    (860) 724-3921


                                            /s/  *Joseph L. Hammer*
                                       Joseph L. Hammer