UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAP, INC. | : CASE NO. 303CV350(MRK) |
| | : |
| VS. | : |
| | : |
| RITZ REALTY CORP. and | : |
| AVALONBAY COMMUNITIES, INC. | : OCTOBER 28, 2005 |

**JOINT STATUS REPORT OF ADAP, INC. AND AVALONBAY COMMUNITIES, INC.**

The plaintiff, ADAP, Inc. d/b/a AutoZone ("ADAP"), and the defendant, AvalonBay Communities, Inc. ("AvalonBay") jointly submit this status report pursuant to the Court's Order of October 21, 2005 [Docket Entry No. 123].

**A.     Progress ADAP and AvalonBay Have Made Toward the Resolution of This Case.**

ADAP and AvalonBay respectfully submit that they have made substantial progress since the August 8, 2005 telephone conference with the Court towards the resolution of this case. As set forth in the Joint Status Report dated October 18, 2005, the proposed resolution of this matter is premised upon the relocation of the existing Norwalk AutoZone store to a new building to be constructed across the street on the 50 Cross Street/30 Belden Avenue property. The efforts of ADAP and AvalonBay between the August 8, 2005 teleconference and October 18, 2005 Joint Status Report encompassed four main areas.

First, practical issues arose between ADAP and AvalonBay regarding certain provisions and draft language of the "Building Lease", including the timetables and contingencies for permits and licenses to be obtained by AutoZone (in addition to those approvals to be obtained

by AvalonBay), additional environmental investigation and reporting, future lease extension provisions, and how to address the need for a termination by Ritz of the existing AutoZone lease when the new AutoZone store is completed. The parties exchanged multiple drafts of language dealing with these issues during this period, and engaged in numerous telephone conferences and correspondence. In an effort to complete the resolution of this matter, AvalonBay's trial and real estate counsel expended over 50 hours of time between the August 8, 2005 telephone conference with the Court and the October 18, 2005 Joint Status Report. Exchanges in the form of electronic mail and telephone conversations occurred between counsel, and also directly between principals. The parties' records do not permit them to identify every settlement communication that took place or the substance of each communication. However, based on a review of billing and correspondence, written exchanges of draft language and/or comments occurred on at least the following dates: August 9, 29, 30; September 6, 15, 19, 26, 28; and October 7. In addition, some form of settlement related communication or attempt to communicate between counsel occurred on at least the following dates: August 8, 9, 12, 15, 17, 29, 31; September 1, 6, 7, 16, 22, 26, 28, 30; October 5, 7, 10, 11, 12, 17, and 18.

      ADAP and AvalonBay successfully concluded their negotiation of the remaining issues shortly before the parties filed the October 18, 2005 Joint Status Report with the Court. ADAP and AvalonBay then proceeded to revise the relevant language of the Building Lease to reflect their agreement on the final issues. The 84-page Building Lease was fully executed on October 24, 2005. As set forth below, the Building Lease provides maximum time periods for

completion of due diligence, finalization of site and building plans, obtaining governmental approvals, and the construction and delivery of the new ADAP store.

Second, because AvalonBay does not own the property on which the new AutoZone store is to be built, it was necessary to enter into a "Ground Lease" with the owner of the new site in order to prevent the sale or lease of the property to another party. AvalonBay had entered into the Ground Lease with the property owner on December 31, 2003. In September 2005, AvalonBay negotiated and executed two separate amendments to the Ground Lease. These amendments were necessary so that AvalonBay could continue to hold the property in order to be able to effect a settlement with AutoZone. To date, AvalonBay has incurred substantial costs under the Ground Lease in order to maintain control of the property so that it may complete a settlement with ADAP.

Third, notwithstanding that the Building Lease had not yet been finalized or executed, ADAP and AvalonBay moved forward during the period from August 8 to October 18, 2005 with due diligence and other actions that are required by the Building Lease for the development of the new AutoZone site. For example, AvalonBay undertook a survey of the new site (which was completed in mid-October), undertook title work for the new site, completed a phase 1 environmental report, and ordered a phase 2 environmental report. AvalonBay also continued to work on site drawings for the new AutoZone store. In addition, prior to the October 18, 2005 Joint Status Report, ADAP provided AvalonBay with initial architectural and building plans for the new AutoZone store.

Fourth, ADAP and AvalonBay have exchanged drafts of a settlement agreement and have continued to discuss through their counsel the remaining issues necessary to resolve this litigation. Because ADAP has a lease with Ritz for the existing AutoZone store in Riverview Plaza, it will be necessary to terminate the existing lease when AutoZone relocates. To date, Ritz has refused to participate in a settlement, even though it is contractually obligated to AvalonBay to terminate the AutoZone lease. This is the primary issue that needs to be resolved in order to complete the settlement.[1]

**B.    Schedule for Completion of All Other Steps Necessary for Final Resolution.**

Under the timetables of the Building Lease, the parties are to proceed expeditiously to obtain governmental approvals and construct the new building. The Building Lease provides for a schedule of maximum time periods within which to complete certain milestones. At present, ADAP and AvalonBay are continuing with the due diligence required by the Building Lease, which they commenced prior to execution of the Lease. The Building Lease requires AvalonBay and AutoZone to perform due diligence, including title, survey and environmental review, no later than December 18, 2005, and permits termination if identified issues cannot be resolved. During this period, AvalonBay will be providing to ADAP for its review phase 1 and phase 2 environmental reports for the new site, a former gas station, a geotechnical report, and a survey, all in accordance with specific requirements set forth in the Building Lease. An

---

[1] ADAP and AvalonBay also have been negotiating the scope of the construction activities that AvalonBay could engage in on the Riverview Plaza site prior to AutoZone's relocation. These negotiations are nearly complete and have not resulted in any delay in the completion of the Building Lease or moving forward with the actions required by the Lease.

environmental consultant has been retained and is in the process of conducting additional investigation and preparing the phase 2 report. No later than December 19, AvalonBay must submit to ADAP preliminary site documents. No later than December 31, ADAP must submit to AvalonBay preliminary building plans. Also during the due diligence period, ADAP is obligated to obtain those governmental approvals for which it is responsible and which are not dependent on the approvals for the construction of the building that are to be obtained by AvalonBay. The Building Lease also requires AvalonBay and AutoZone to confer on final site documents and building plans, and to reach final agreement on site documents by February 1, and on building plans no later than February 16. The ability of the parties to terminate the Building Lease for issues identified during due diligence or because of an inability to agree on final plans ends no later than the end of February. Given the need to obtain a termination of the existing ADAP lease from Ritz, the Building Lease also affords the parties the ability to terminate if a satisfactory resolution cannot be reached with Ritz by December 18.

As of the end of February, following the completion of the due diligence period and the agreement of AvalonBay and AutoZone upon final site documents and building plans, the remaining contingencies under the Building Lease involve obtaining government permits and approvals; matters which are not within the full the control of the parties. As set forth above, the Building Lease provides maximum periods within which to obtain all necessary governmental approvals, including site plan approval and a building and signage permit for the construction of the new building, within no more than 250 days of February 16. AvalonBay must then complete the construction of the building within no more than 255 days of its receipt

of a building permit. The building is to be delivered to ADAP within 45 days of substantial completion. ADAP also has a maximum period of 90 days from AvalonBay's receipt of governmental approvals to obtain any other governmental approvals necessary for their intended use of the building.

Given the length of time needed to obtain all approvals anticipated under the Building Lease, if the Court prefers not to hold this case on its docket for the full approvals time period, ADAP would consider the concept of a dismissal without prejudice at an appropriate time in February following the end of the due diligence period and the agreement of AvalonBay and AutoZone upon final site documents and building plans. In order to be able to move forward with a dismissal of the case, ADAP will need Ritz to terminate its existing lease when the new store is ready to be occupied.

ADAP and AvalonBay respectfully request an opportunity to complete the resolution of this action and, in the event that the Court has any questions regarding the status of settlement efforts or the time frames discussed above, an opportunity to be heard.

                                      PLAINTIFF,
                                      ADAP, INC. d/b/a AUTOZONE

By   _____
      Bruce L. Elstein, Esq. (ct01250)
      Elstein & Elstein
      1087 Broad Street
      Bridgeport, CT  06604-4294
      Phone:  (203) 367-4421
      Fax:    (203) 366-8615
      E-mail: belstein@snet.net

DEFENDANT,
AVALONBAY Communities, Inc.


By _____
    Joseph L. Hammer (ct00446)
    David M. Bizar (ct20444)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, CT  06103-3499
    Tel:  (860) 275-0100
    Fax:  (860) 275-0343
    E-mail:  jlhammer@dbh.com
             dmbizar@dbh.com

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was sent this 28th day of October, 2005, via first class mail, postage prepaid to:

Andrew L. Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT  06103-3101

Bruce L. Elstein, Esq.
Elstein & Elstein
1087 Broad Street
Bridgeport, CT  06604-4294

                                                                  Joseph L. Hammer