UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADAP, INC. | : CASE NO. 303CV350(MRK) |
| | : |
| VS. | : |
| | : |
| RITZ REALTY CORP. and | : |
| AVALONBAY COMMUNITIES, INC. | : DECEMBER 20, 2005 |

**JOINT STATUS REPORT OF ADAP, INC. AND AVALONBAY COMMUNITIES, INC.**

The plaintiff, ADAP, Inc. d/b/a AutoZone ("ADAP"), and the defendant, AvalonBay Communities, Inc. ("AvalonBay"), jointly submit this status report pursuant to the Court's Order of November 1, 2005 [Docket Entry No. 125].

**A.      Progress ADAP and AvalonBay Have Made Toward the Resolution of This Case.**

ADAP and AvalonBay respectfully submit that they have continued to make substantial progress towards the resolution of this case. As previously reported to the Court, the proposed resolution of this matter is premised upon the relocation of the existing Norwalk AutoZone store to a new building to be constructed across the street on a portion of the 50 Cross Street/30 Belden Avenue property. The Building Lease, entered into by AvalonBay and ADAP in October 2005, provides time periods for completion of due diligence, finalization of site and building plans, obtaining governmental approvals, and the construction and delivery of the new ADAP store. Since the Joint Status Report dated October 28, 2005, AvalonBay and ADAP

have continued to move forward with the various action items and steps provided for in the Building Lease.

Specifically, the AvalonBay and ADAP have accomplished the following since the last Joint Status Report:

- AvalonBay's outside environmental consultant completed a Phase 2 environmental report (including on-site soil sampling, laboratory analysis and a narrative analysis with recommendations) for the 2 parcels located at 50 Cross Street/30 Belden Avenue property. AvalonBay states that it has provided AutoZone with both Phase 2 environmental reports. While ADAP has no reason to doubt AvalonBay's statement, due to the unavailability of the ADAP representative to whom the reports were transmitted, ADAP has been unable to confirm receipt.

- AvalonBay's outside geotechnical consultant completed a geotechnical report (including on-site sampling, and a narrative analysis with recommendations), and AvalonBay delivered the report to ADAP for its review.[1]

- AvalonBay has also delivered to ADAP the survey and Phase I environmental report referenced in the last Joint Status Report, as well as a title commitment.

---

[1] The Phase 2 environmental report and the geotechnical report were completed by the consultants beyond the 30 day period set forth in the Building Lease, due to factors beyond the control of the parties. However, this does not impact the February 2006 schedule for agreement on final plans or the overall time periods in the Building Lease for obtaining governmental approvals and constructing the new building.

- AvalonBay provided ADAP with a lead/asbestos survey of the existing buildings on the subject property (addressing on-site inspection and sampling results) in connection with the potential presence of such materials.

- AvalonBay prepared and provided ADAP with a site plan identifying the location of the proposed new AutoZone building and associated parking, loading and access areas.

- ADAP provided plans for a prototypical store for AvalonBay to utilize in the preparation of formal plans to be submitted for site plan review.

In addition to proceeding with the above action items under the Building Lease, AvalonBay and ADAP have continued to work on finalizing a written settlement agreement. AvalonBay and ADAP informed the Court in their last Joint Status Report that they were near an agreement on the scope of the construction activities that may be performed by AvalonBay on the Riverview Plaza site prior to AutoZone's relocation. AvalonBay and ADAP have agreed in principle upon the scope of such activities.

AvalonBay and ADAP informed the Court in their last Joint Status Report that the primary issue remaining to complete the settlement involved the termination by Ritz of the existing ADAP lease upon ADAP's relocation to the new store. As noted previously, Ritz is contractually obligated to AvalonBay to terminate the ADAP lease in order to effect a settlement of ADAP's claims. In a further attempt to obtain Ritz's participation in the settlement, AvalonBay provided Ritz with a copy of the text of the Building Lease (with financial terms redacted) on November 22, 2005. In its letter of transmittal, AvalonBay again

indicated the necessity of a termination of the Ritz/ADAP lease so as to enable ADAP to relocate to the new building, reminded Ritz of its obligation to terminate the ADAP lease, and requested that Ritz contact AvalonBay to discuss the preparation of appropriate documentation. This is the sole action that Ritz has been asked to take in connection with the settlement. Ritz has not been asked to contribute and will not be contributing to any of the costs associated with the settlement, and will still obtain the full benefit of the settlement. AvalonBay's counsel has also followed up on the letter by calling and speaking to Ritz's counsel. To date, however, AvalonBay has not received a substantive response from Ritz.

**B.      Schedule for Completion of All Other Steps Necessary for Final Resolution**

AvalonBay and AutoZone are continuing to confer on due diligence materials, final site documents and building plans, and are working to reach final agreement on site documents by February 1 and on building plans by February 16, pursuant to the Building Lease. The ability of Ritz or AvalonBay to terminate the Building Lease for issues identified during due diligence or because of an inability to agree on final plans will end no later than February.

As of the end of February, following the completion of the due diligence period and the agreement of AvalonBay and AutoZone upon final site documents and building plans, the remaining contingencies under the Building Lease involve obtaining government permits and approvals; matters which are not within the full the control of the parties. As set forth previously, the Building Lease provides maximum periods within which to obtain all necessary governmental approvals, including site plan approval and a building and signage permit for the construction of the new building, within no more than 250 days of February 16. AvalonBay

must then complete the construction of the building within no more than 255 days of its receipt of a building permit. The building is to be delivered to ADAP within 45 days of substantial completion. ADAP also has a maximum period of 90 days from AvalonBay's receipt of governmental approvals to obtain any other governmental approvals necessary for its intended use of the building.

As set forth in the October 28, 2005 Joint Status Report, given the length of time needed to obtain all approvals anticipated under the Building Lease, and if the Court prefers not to hold this case on its docket for the full approvals time period, ADAP would consider the concept of a dismissal without prejudice at an appropriate time following the end of the due diligence period and the agreement of AvalonBay and AutoZone upon final site documents and building plans.

ADAP and AvalonBay respectfully request an opportunity to complete the resolution of this action.

                                      PLAINTIFF,
                                      ADAP, INC. d/b/a AUTOZONE

By   _____
     Bruce L. Elstein, Esq. (ct01250)
     Elstein & Elstein
     1087 Broad Street
     Bridgeport, CT  06604-4294
     Phone:  (203) 367-4421
     Fax:     (203) 366-8615
     E-mail: belstein@elstein-law.com

                    DEFENDANT,
                    AVALONBAY COMMUNITIES, INC.


By   /s/
      Joseph L. Hammer (ct00446)
      David M. Bizar (ct20444)
      Day, Berry & Howard LLP
      CityPlace I
      Hartford, CT  06103-3499
      Tel:  (860) 275-0100
      Fax:  (860) 275-0343
      E-mail:   jlhammer@dbh.com
                  dmbizar@dbh.com

– 7 –

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was sent this 20th day of December, 2005, via first class mail, postage prepaid to:

Andrew L. Houlding, Esq.
Rome McGuigan Sabanosh, P.C.
One State Street
Hartford, CT  06103-3101

Bruce L. Elstein, Esq.
Elstein & Elstein
1087 Broad Street
Bridgeport, CT  06604-4294

/s/_____
Joseph L. Hammer